Ex Parte in the Matter of Lathrop L. Sturgess *v.* Christian Harrold. Also, George Buckley *v.* Christian Harrold.

A certificate from the clerk of the circuit court, that he cannot make out the record in time to comply with the 63d rule of this court, does not furnish a sufficient reason for an extension of the time prescribed by that rule.

*Mr. Lawrence,* of counsel for the plaintiffs in error in these cases, filed certificates of the clerk of the circuit court of the United States for the eastern district of Louisiana, stating that judgments were entered against the plaintiffs in error in that court, on the 16th day of November, 1855, and that writs of

error were duly applied for, and allowed on the 21st of November, 1855, returnable to the December term, 1855, of the supreme court of the United States. The certificates further stated that the clerk could not, consistently with the other duties of his office, make out and have ready the transcripts of the records and proceedings at the opening of the term of the supreme court, nor within less than ninety days thereafter.

Whereupon, *Mr. Lawrence* applied for an extension of time under the 63d rule of this court.

Mr. Justice McLEAN delivered the opinion of the court.

In the above cases writs of error were allowed on the 21st day of November last, the judgments having been entered on the 16th of that month. The clerk of the circuit court certifies that he cannot, consistently with the other duties of his office, make out and have ready the transcript of the record and proceedings in the said causes, in time for the same to reach Washington City at the opening of the term of the supreme court, nor within less than ninety days thereafter.

On this statement of the clerk, a motion is made for longer time to certify the record.

At the December term, 1853, this court adopted a rule requiring, where a judgment or decree was entered thirty days before the succeeding term of this court, that the writ of error or appeal should be entered on the record of this court, and the record filed within the first six days of the term. But if less than thirty days intervene, between the entry of the judgment or decree, and the sitting of this court, the case should be entered on the docket of this court, and the record filed, within thirty days from the commencement of the term.

The above rule was adopted to prevent unnecessary and improper delays, in prosecuting writs of error or appeals in this court from the inferior courts. Thirty days from the commencement of this term affords ample time to the clerk, to make out and forward the records in the above cases. The rules of this court can, in no respect, depend upon the convenience of the clerks of the inferior courts.

Extension denied, and motion overruled.