## In re DONNELLY.

(Circuit Court of Appeals, Sixth Circuit. February 17, 1914.)

No. 2312.

BANKRUPTCY (§ 465*)—DISMISSAL—STIPULATIONS—TERMINATION OF CONTROVERSY.

Pending an appeal from an order adjudging D. a bankrupt, appointing a receiver of his estate, and directing the assignee of an insolvent banking company to release to the trustee certain properties embraced in preferences made by the bankrupt to the company, a stipulation was filed that the order be reversed and the proceedings dismissed, showing that there was practically no unpaid claim either proved or provable against the bankrupt's estate which was not represented in the stipulation. *Held,* that under such circumstances the appeal would be dismissed without review of the merits.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 927; Dec. Dig. § 465.*]

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

In the matter of bankruptcy proceedings of Michael Donnelly. From an order (193 Fed. 755), adjudging Michael Donnelly a bankrupt and appointing a receiver and directing the assignee of a banking company to release to the trustee certain properties embraced in preferences found to have been made by the bankrupt to the company, an appeal was taken. Dismissed on stipulation.

Doyle & Lewis, Ralph Emery, and Kohn, Northup & Morgan, all of Toledo, Ohio, for appellant.

Benjamin F. James, of Bowling Green, Ohio, and Judson R. Linthicum, of Napoleon, Ohio, for appellees.

J. A. Barber and G. W. Kinney, both of Toledo, Ohio, for Security Savings Bank & Trust Co.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

---

PER CURIAM. This is an appeal from an order entered in the court below, March 1, 1912, adjudging Michael Donnelly a bankrupt, appointing a receiver of his estate, and directing the assignee of the Citizens' State Banking Company (pursuant to an offer made in his answer and intervening petition) to release to the trustee in bankruptcy, when selected, the properties embraced in certain perferences found to have been made by the bankrupt to such banking company. After the appeal was perfected and briefs were filed, counsel for appellant proposed to file a stipulation that the order of the court below should be reversed and the bankruptcy proceedings dismissed. This was objected to on the ground that the stipulation was not signed by counsel for all parties in interest. Thereupon it was ordered that the parties present the stipulation to the District Court, and their respective claims as to what further signatures were necessary. Distinct questions were stated in the order and findings requested touching such controversy. Later the District Judge reported his findings, with a transcript of the testimony taken upon the subject; and such findings, in substance, show that the signatures to the stipulation fail to disclose assent as respects two matters of the estate of Matthias Reiser, deceased, and also of certain creditors in small amounts, whose names are given in a list embodied in the answer of the bankrupt, but whose claims were found to have been satisfied. The Reiser estate had proved only one claim, and the court found that the amount due had been tendered, and the tender kept good by deposit of the money with the clerk of the court, and, further, that if computation should show any variance from the true amount due, the difference would be amicably adjusted. The other matter relating to the Reiser estate concerns its interest as a stockholder and creditor of the Citizens' State Banking Company. The assets of that company seem to be in the hands of a state insolvency assignee, who is administering the estate under supervision of a state court. The insolvent bank is a creditor of the bankrupt, Donnelly, and counsel for the assignee of the bank have in its behalf signed the stipulation in dispute; and it is, in effect, stated in one of the findings that it is only in the contingency of an improvident adjustment being made of the claim of the banking company against the bankrupt that the Reiser estate, or any interest disclosed by its counsel, could "be prejudiced by a dismissal of the Donnelly bankruptcy proceedings." It hardly need be said, however, that this court cannot indulge in a presumption that the state court would suffer such a contingency to arise. It results, practically, that there is no unpaid claim, either proved or provable, against the estate of the bankrupt which is not represented in the stipulation. In such circumstances we do not conceive that this court ought to determine the appeal upon its merits, and perhaps thereby subject the estate to the costs and delays of bankruptcy proceedings. It is an established practice to reverse a judgment or decree on stipulation. Ney Mfg. Co. v. Garver Bros. Co. (no opinion filed), C. C. A. 6th Cir., of date November 2, 1909; Coggeshall v. Hartshorne, 154 U. S. 533, 14 Sup. Ct. 1198, 15 L. Ed. 261; Woodman Pebbling Machine Co. v. Guild, 154 U. S. 597, Appx., 14 Sup. Ct. 1216, 21 L. Ed. 743; Adams Express Co. v. Ver-

vaeke, 229 U. S. 627, 33 Sup. Ct. 773, 57 L. Ed. 1357; Same v. Davidson & Son, 229 U. S. 629, 33 Sup. Ct. 776, 57 L. Ed. 1358; Same v. Wright, 229 U. S. 629, 33 Sup. Ct. 776, 57 L. Ed. 1358; Same v. Solomon, 231 U. S. 758, 34 Sup. Ct. 324, 58 L. Ed. ——.

Hence, without passing upon the merits of the case, we hold that the order of the court below must be reversed, and the cause remanded at the costs of appellant, with direction to dismiss the case.