## BOND *v.* DAVENPORT.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF IOWA.

Submitted December 8, 1887. — Decided December 12, 1887.

On the stipulation of such of the parties as are before this court, the decree
of the court below is reversed without costs, and the cause is remanded
with instructions to proceed in accordance with the stipulation, but
without prejudice to the rights of other parties to the suit who were not
before this court on the appeal.

MOTION by complainant below and appellant here, for an
order-reversing the decree of the court below, and to remand
the cause. The motion was supported by a stipulation author-
izing it. The case is stated in the opinion of the court.

*Mr. Henry Jayne* for the motion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal by the complainant below from the fol-
lowing part of the decree in the cause:

"It is further ordered, adjudged, and decreed that the said
respondent, Sarah G. Davenport, pay to the complainant the
sum of five hundred and sixteen and $\frac{77}{100}$ dollars, with interest
at the rate of six per cent per annum from the 10th day of
May, 1883, the same being the amount, with interest, which
the undivided half of the south half of block fifty-nine (59)
which descended to, and has become vested in, the said Sarah
G. Davenport as the mother, and an heir-at-law of the said
George A. Davenport, deceased, is chargeable for and on
account of taxes on said block fifty-nine (59), which were paid
and discharged out of the money advanced by the said Equi-
table Trust Company on the 28th of June, 1875; and that on
failure to pay the said sum within the time herein limited the
said master sell, at public sale, so much of the said Sarah G.

Davenport's undivided half of the south half of said block fifty-nine (59) as shall be necessary to pay the same.

"Such sale to be made at the same place and in the same manner, and in all respects as is herein prescribed for the sale of the property of the said George A. Davenport, and with like effect. It is further ordered, adjudged, and decreed that upon payment by the said Sarah G. Davenport of the said sum of five hundred and sixteen and $\frac{77}{100}$ dollars to the said complainant, complainant's bill be dismissed as to the undivided one-half of the south half of said block fifty-nine (59), which vested in, and to which the said Sarah G. has become entitled, as the mother and heir-at-law of the said George A. Davenport, deceased. And it is further ordered, adjudged, and decreed that, as between the complainant and the said Sarah G. Davenport, the said Sarah G. Davenport recover of complainant the costs of this suit, so far as made, in trying the issue of the sanity of said George A. Davenport at the time of the making and delivery of said mortgage set up in complainant's original bill."

The only parties to the suit who are before this court are Henry R. Bond, trustee, complainant below and appellant, and Sarah G. Davenport. These parties have filed in this court the following stipulation:

"In the Supreme Court of the United States.

"Henry R. Bond, Trustee, Appellant, ⎫
         *v.*                                      ⎬
   Sarah G. Davenport, Appellee.    ⎭

"Appeal from the Circuit Court of the United States for the Southern District of Iowa.

"In the before mentioned suit it is stipulated by and between Henry R. Bond, trustee, complainant and appellant, The Equitable Trust Company of New London, Connecticut, the holder of the bonds secured by the mortgage sought to be enforced, and Sarah G. Davenport, appellee, being the sole parties in interest, as follows, to wit:

"1. Said Sarah G. Davenport hereby withdraws the answer and cross-petition filed by her in said suit, and all evidence

offered and introduced by her in said Circuit Court, and consents and agrees that the same shall not be considered as part of the record.

"2. It is agreed that a decree shall be entered by the Supreme Court in said suit, reversing the decision and decree of the said Circuit Court, in so far as said court found in favor of said Sarah G. Davenport, and in so far as said court by its decree denied to complainant the relief by him prayed, as against the undivided half of the south half of block fifty-nine (59), in the city of Davenport, Iowa, claimed by Sarah G. Davenport, as mother and heir-at-law of George A. Davenport, deceased, and in so far as said court, by its said decree, undertook to dismiss complainant's bill as against said property, and tax certain costs to complainant, and that this cause be remanded to said Circuit Court, with instructions to enter a decree in complainant's favor, declaring the sums owing upon said bonds, secured by said mortgage, to be a lien upon the premises in said mortgage, described as of the date of said mortgage, and directing sale of sufficient of said premises to pay the same, and further directing that the receiver heretofore appointed in said cause shall turn over to the complainant all the funds in his hands arising from the rentals of said premises, the same to be credited upon the amount found to be owing upon said bonds secured by said mortgage before sale of said premises, and further directing that the complainant be permitted to further plead and bring in new parties if so advised.

"3. The complainant and appellant is excused from printing the record in this suit, save and except such portions thereof as to him shall seem material to enable the court to dispose of said suit under this stipulation.

"4. The attorney or solicitor who has entered his appearance in this suit is authorized to consent to such demand or requirement of the complainant, or the said court, as shall enable the complainant to have the said decree of the Circuit Court reversed, said cause remanded, and a final decree entered in the Circuit Court in complainant's favor, and for that purpose is hereby authorized to appear in said Circuit Court to any pleading filed by the complainant.

"5. No personal judgment shall be entered against the said Sarah G. Davenport in said suit, or any costs taxed either against her or in her favor.

"November 16, 1887.

"Henry R. Bond, Trustee,

"By Jayne & Hoffman, Attorneys.

"Sarah G. Davenport.            [seal.]

"The Equitable Trust Company,

"By Jayne & Hoffman, Attorneys.

"W. F. Brannan,

. "Of Counsel for Complainant.

"Geo. E. Hubbell,

"Attorney for Sarah G. Davenport."

The appellant now moves that the foregoing part of the decree, from which the appeal was taken, be reversed in accordance with the stipulation of the parties, and that the cause be remanded with instructions to enter a decree in favor of the complainant as agreed.

*This motion is granted and the decree reversed without costs; and the cause is remanded with instructions to proceed in accordance with the foregoing stipulation of the parties to this appeal, but without prejudice to the rights of the other parties to the suit.*