## TEXAS CONSOL. THEATRES, Inc., v. PITTMAN.
### No. 8343.

Circuit Court of Appeals, Fifth Circuit.

Jan. 17, 1938.

204

For former opinion, see 93 F.2d. 21.

W. B. Handley and C. J. Shaeffer, both of Dallas, Tex., for appellant.

Thos. E. Hayden, Jr., of Abilene, Tex., for appellee.

Before SIBLEY and HOLMES, Circuit Judges, and STRUM, District Judge.

PER CURIAM.

The motion for rehearing sets forth a compromise between the parties for a sum of money less than the judgment appealed from, which included an agreement that this court reverse the case before it and that the District Court should enter judgment denying any recovery except for costs; the compromise agreement being dated December 1, 1937. The case was argued November 3, 1937, and had been decided in conference and the opinion prepared and concurred in before December 1, but the judgment was not notified to or entered by the clerk until December 3. The parties before making the compromise had inquired of the clerk, we are informed, whether there had been any decision of the case, and he had said none had been filed. Appellate courts, before the case is taken under advisement, have respected settlements made by the parties, though they included a reversal of the judgment. Bond v. Davenport, 123 U.S. 619, 8 S.Ct. 306, 31 L.Ed. 279; Union Mutual Life Ins. Co. v. Waters, 124 U.S. 369, 8 S.Ct. 510, 31 L.Ed. 474; 3 Am.Jur. § 1154. But, when the case is under advisement, the court has power to decide it according to its judgment and is not bound to render a judgment dictated by the parties. The judgment of the court has been rendered, and we see no sufficient reason to withdraw and change it. If, as is alleged, there has been a good faith compromise of the cause of action, it appears to us that a simple and effectual remedy to get rid of the judgment which we have affirmed is open by presenting the compromise in the District Court and having the judgment satisfied there except as to costs.

The motion for a rehearing is denied.