(March 18, 1938.)

WARREN G. SCHALLER, ELSIE MAY SCHULTZ and EDNA MAY ERWIG, as Executors, etc., of WILLIAM M. MOORE, Deceased, and ISABELLE LOUISE SCHALLER, on Behalf of Herself and All Other Stockholders of AQUEDUCT AVENUE WEST BUILDING CORPORATION, Similarly Situated, Respondents, v. ADELAIDE L. MOORE, Appellant, Impleaded with AQUEDUCT AVENUE WEST BUILDING CORPORATION and Others, Defendants.

PER CURIAM. The decree should be modified by disallowing the surcharge of $500 in connection with the payment of the fee of $2,500 to Mr. Brady, and by disallowing the surcharge of $3,633.35, representing payments to Waidee Holding Corporation, it appearing that payment in each of these two instances was authorized and proper and made in good faith. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 124.) The court should not have entirely disallowed appellant's claim for salary for services rendered. We think that, upon the facts, she was entitled to credit for salary as an officer of the corporation in the sum of $2,791.67, which is at the rate of $2,500 a year from the date of the adoption of the resolution authorizing her employment, namely, September 12, 1934, to October 31, 1935, the date when her services ceased. (*Godley* v. *Crandall & Godley Co.*, 212 N. Y. 121; *Palmer* v. *Scheftel*, 183 App. Div. 77, at p. 81.)

Appellant was surcharged the sum of $397.17 for what appear to be reasonable office expense items upon the ground that no canceled checks or vouchers to support such disbursements had been produced upon the accounting before the referee. It seems, however, that of this sum only fifty dollars was represented by a missing voucher. We accordingly find that the appellant should not have been surcharged the sum of $347.17 for these items. We are also of the view that interest items with which appellant was charged, amounting to $2,779.32, should not have been allowed. There was no proof of wrongdoing and interest should not have been exacted as a penalty.

In the circumstances of this case, we think that the extra allowance of $1,500 to plaintiffs' attorneys and that of statutory costs to plaintiffs were improper and each should be eliminated. Stenographer's charges amounting to $1,378 should be reduced to the sum of $1,036 in view of the stipulation in the record which only authorizes payment by appellant to the latter sum. Payment of the referee's fees and the stenographer's charges as reduced are to be divided equally between appellant and plaintiff-respondents. As so modified the decree should be affirmed, without costs.

Present — Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.; Martin, P. J., and Townley, J., dissent in part.

MARTIN, P. J., and TOWNLEY, J.: We concur in *per curiam* opinion except as to items amounting to $4,826.67 for painting, refrigerators, water damage, hardware and office expenses, and for which no check voucher was presented. We are of the opinion that the appellant should not be surcharged for such items.

Judgment modified as indicated in opinion, and as so modified affirmed, without costs.   Settle order on notice.