Barneveld State Bank, Respondent, vs. Rongve and wife, Appellants.

*May 17—June 21, 1938.*

For the appellants there was a brief by *Darrell MacIntyre,* and oral argument by *J. Philip Koberstein,* both of Madison. *George J. Larkin* of Dodgeville, for the respondent.

ROSENBERRY, C. J.    It appears without dispute that the defendants had for some years been indebted to the plaintiff in considerable sums to secure the payment of which they had given various chattel mortgages.    In the affidavit made by Jerome J. Jones, the president of the plaintiff bank, affiant states that he—

"knows of his own knowledge that the damage to plaintiff by reason of having to keep the horses and other livestock pending this action, the feed consumed by said livestock, the fact that a man has had to be hired to take care of the same, and also by reason of the delay in holding the sale of said property, has caused a damage to the plaintiff in the sum of $250."

Other than denials the only defense set up in the answer served and filed on behalf of the defendants is that the defendants allege that they did not give a valid mortgage to anyone.    It is not denied that the mortgage in question was signed by the defendants, but in the affidavits filed in opposition to the motion for summary judgment the defendants set up the claim that the mortgage in question was not properly witnessed as required by sec. 241.08, Stats., which provides:

". . . Nor shall a chattel mortgage of personal property which is by law exempt from seizure and sale upon execution be valid unless the same be signed by the wife of the person making such chattel mortgage, if he be a married man and his wife at the time be a member of his family, and unless such signature of such wife be witnessed by two witnesses."

The defendants in separate affidavits allege that Mrs. Rongve sat in a chair at the corner of the desk in a room at the bank with her back to the door leading into the space behind the counter of the bank; that her husband stood behind her; that at his request she signed the paper and got up and left the office; that—

"This affiant does not see how it was possible for anyone other than said three people to see this affiant when she signed said paper. . . . That this affiant believes that no one was looking through the door leading from said office into the space behind the bank counter, more especially, that Anton S. Arnéson was not looking through said door, inasmuch as he was busily engaged in closing the bank, and that this affiant noticed him in the front of the bank when she left said office immediately after signing said paper."

The affidavit of the husband upon this point is substantially the same as that of the wife. Affidavits in support of the motion were made by Jerome J. Jones and Anton S. Arneson, by whom the mortgage was witnessed, to the effect that they were present, saw the defendant, Hannah Rongve, sign the instrument in question, and detailed with particularity the circumstances in connection therewith.

In disposing of the motion the trial court said:

. "On the hearing of the motion it was agreed by the attorneys for the parties that the only question involved is whether the wife, Hannah Rongve, executed the mortgage in presence of two witnesses, and whether the answer and supporting affidavits are sufficient to raise an issue on this question."

It is nowhere contended that the defendant Hannah did not sign the mortgage at the time and place in question. The most that the affidavits submitted by the defendants amount to is that they did not see how it was possible for Anton S. Arneson to witness the wife's signature. They do not deny that he was present in the room; that he was aware of all that was happening.

The statute, sec. 270.635 (2), provides that upon motion a summary judgment shall be granted—

"unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

Taking the allegations of the affidavits filed in opposition to as well as those in support of the motion, it does not appear that there is presented an issue of fact. If the signing of the chattel mortgage was in fact as the plaintiff's affidavits show witnessed by two witnesses, it is immaterial that the defendants are unable to see how the witnessing took place. They could not very well in a physical sense because their backs were turned to the place where the attesting witness stood. It sufficiently appears that the affidavits made in opposition to the motion for summary judgment are merely intended for purposes of delay and that no issue of fact is presented.

In the judgment as entered the plaintiff is awarded the custody of the property in question, consisting of a large amount of farm personal property together with $250, its damages for the unlawful detention of said property. The affidavits filed plainly show that the $250 was not technically for detention but for care of the property which consisted of a large amount of livestock during the pendency of the action, and it is undisputed that that amounted to $250. As the trial court stated, it was not denied upon the hearing nor contended otherwise. The fact that this item is awarded for detention instead of care of the property during custody and should have been inserted as a part of the costs is in no way prejudicial to the defendants.

Upon the appeal the plaintiff contends that the appeal should be dismissed for the reason that no bill of exceptions was settled. Sec. 274.13, Stats., provides:

"Upon an appeal being perfected the clerk of the court from which it is taken shall, at the expense of the appellant,

forthwith transmit to the supreme court . . . if it is from an order or orders he shall transmit the order or orders appealed from and the original papers used by each party on the application therefor. . . ."

In the order for summary judgment which is a part of the record the judge referred to the several affidavits and documents filed by the parties to the action in support of and in opposition to the motion. No oral testimony was taken upon the hearing. This reference by the court to the several affidavits and documents is a sufficient incorporation of them to make them a part of the record upon appeal. The cases referred to by the defendants are cases where there was no identification of the documents or a proper certificate was not attached from which it appeared that all of the documents used on the motion were annexed to the return. Under the circumstances of this case no bill of exceptions was necessary.

*By the Court.*—Judgment appealed from is affirmed.