Unmack and others, Respondents, vs. McGovern and another, Appellants.

*January 8—February 4, 1941.*

For the appellants there were briefs by *John J. Devos,* attorney for Francis E. McGovern, and *Thomas E. Leahy,* attorney for H. E. Struck, both of Milwaukee, and oral argument by *Mr. Devos.*

For the respondents the cause was submitted on the brief of *Norman L. Miswald* of Milwaukee.

ROSENBERRY, C. J. The motion for summary judgment in this case was made pursuant to sec. 270.635, Stats., which is as follows:

"*Summary judgments.* (1) Summary judgment may be entered as provided in this section in an action (a) to recover a debt or demand arising on a contract, express or implied (other than for breach of promise to marry) ; or . . .
(2) The judgment may be entered in favor of either party, on motion. . . ."

While seven classes of action are enumerated in which the motion may be made, sub. (1) (a) is the only one which could possibly have any application to the facts set out in

this complaint. The defendants in their brief, in stating the nature of the action, say:

"Plaintiffs herein, as creditors of Union Co-operative Shoe Association, and as beneficiaries under a chattel mortgage covering the assets of the corporation, bring this action against the officers, directors and the general manager for an accounting and for a return of loans made by them to this association. Their claim is that at the time the money was so loaned the defendants represented that the funds contributed would be held by a trustee until the sum of $15,000 had been subscribed and that in the event the full amount was not received, the money was to be returned to the various contributors."

Other allegations of the complaint show that the moneys paid in by the plaintiffs were disbursed for corporate purposes. The plaintiffs' allegations with respect to the nature of the action are:

"The action was commenced against the officers, directors, general manager, and trustee under the $15,000 loan program in their personal and individual capacity for fraud, deceit, mismanagement, and false representations made by officers and agents of the Union Co-operative Shoe Association. . . .
"The action was not commenced against the Union Co-operative Shoe Association by reason of its insolvency and adjudication in bankruptcy."

Whether we adopt plaintiffs' or defendants' statement of the nature of the cause of action, it is clear that this is not one of the classes of actions in which a motion for summary judgment lies under the statute because it is not one upon a contract, express or implied. An implied contract does not arise under the facts of this case because the defendants who are being sued did not receive the money or use it for their own purposes. Inasmuch as no action is brought against the co-operative, no cause of action against it can be implied

642

because of the fact that the money was used for corporate purposes.

It is doubtful whether the complaint states a cause of action against the appealing defendants. However, we cannot consider that question upon this appeal. While a motion for summary judgment searches the record (*Sullivan v. State* (1933), 213 Wis. 185, 251 N. W. 251, 91 A. L. R. 877) this case is not within the statute authorizing a motion for summary judgment. The statute relating to summary judgment having no application to this case, the trial court should have dismissed the motion, which would have the effect of a denial but on a different ground.

*By the Court.*—Order affirmed.

FRITZ, J., took no part.