ESTATE OF MASSEY: ROETHLISBERGER, Legatee, Appellant, vs. JONES, Executor, Respondent.

*April 15—July 7, 1941.*

For the appellant there were briefs by *Hill, Beckwith & Harrington,* attorneys, and *George A. Solsrud* of counsel, all of Madison, and oral argument by *Mr. Solsrud.*

For the respondent there were briefs by *George J. Larkin,* attorney, and *C. H. Knutson,* public administrator of Iowa county, both of Dodgeville, and oral argument by *Mr. Larkin.*

The following opinion was filed May 20, 1941:

WICKHEM, J.    Edward Massey died November 21, 1939. Appellant Minnie Roethlisberger was his daughter.    In 1931 Massey loaned $4,500 to appellant and her husband, receiving as security a second mortgage on their farm.    Late in 1934 the Roethlisbergers, being financially embarrassed, sought to refinance their obligations through the Federal Land Bank. The commitment secured was not sufficient to pay creditors in full and the Wisconsin Loan Authority went to creditors of the Roethlisbergers and obtained agreements scaling down the indebtedness.    Massey signed an agreement whereby he

accepted $1,000 for his $4,500 note and mortgage. The agreement was as follows:

"That I will accept in full and complete settlement and payment of my above claim the sum of $1,000, and that I have not, directly or indirectly, made or entered into any agreement or understanding with anyone whomsoever whereby I shall receive from said debtor(s) any note, mortgage or other consideration save and except the sum last above mentioned; that when such sum has been received by me that said debtor(s) will not remain indebted to me upon any account whatsoever; that I will not, after having received such sum, attempt in any way, directly or indirectly, to collect, nor will I accept, from said debtor(s) upon and because of the above claim anything of value whatsoever.

"This agreement is for the express benefit of the debtor(s) or any of them, as well as the Federal Land Bank of Saint Paul, the land bank commissioner and the Federal Farm Mortgage Corporation."

This agreement was dated December 31, 1934. On February 14, 1935, the Roethlisbergers gave a mortgage to the Federal Land Bank. On March 20, 1935, Edward Massey signed an order for shipment of bonds. On March 23, 1935, Massey signed a satisfaction of mortgage which was recorded April 1, 1935, and on this date the Roethlisbergers signed the note for $3,500 now sought to be stricken from the inventory. The contentions of appellant are that this note was given without any new consideration and that it was void as against public policy under the doctrine announced by this court in *Ganchoff v. Bullock*, 234 Wis. 613, 616, 291 N. W. 837, where it was said:

"It is contrary to public policy for an existing mortgagee to take HOLC bonds for a portion of the debt and then by an agreement without the knowledge or approval of HOLC further incumber the equity of the mortgagor."

The sole question in this case is whether the trial court was warranted in concluding that the evidence adduced by appel-

lant failed to establish that the note of $3,500 was without consideration and in violation of public policy. We conclude that the trial court was in error for the following reasons: (1) There is small likelihood that the note was given for new advances because if Massey had been willing to make such advances at a slightly earlier date the procedure of refinancing would have been wholly unnecessary as the Roethlisbergers could have satisfied the creditors who were pressing them. (2) After the Land Bank had furnished the funds, appellant's creditors were satisfied, and there appears to have been no occasion for the Roethlisbergers to secure new funds. (3) The amount of the new note is precisely the amount by which the second mortgage to Massey was reduced in the refinancing operations. (4) The note was executed on the very date when the Land Bank transaction was closed by satisfaction of the Massey mortgage. True, due to appellant's incompetency to testify to communications with decedent this is circumstantial rather than direct proof, but it is persuasive to the point of nearly being conclusive that the new note was for the balance of the old debt and exacted or received in violation of Massey's agreement. To come to any other conclusion would require us to explain upon the ground of coincidence more circumstances than such an explanation can rationally account for.

*By the Court.*—Order reversed, and cause remanded with directions to grant appellant's motion.

A motion for a rehearing was denied, with $25 costs, on July 7, 1941.