FRANK, Appellant, vs. SCHROEDER, Respondent.

*September 9—December 2, 1941.*

160

For the appellant there were briefs by *Harvey C. Hartwig* and *Chester J. Niebler,* both of Milwaukee, and oral argument by *Mr. Hartwig.*

For the respondent there were briefs by *Schmitz, Wild & Gross* of Milwaukee, and oral argument by *Edwin J. Gross.*

The following opinion was filed October 7, 1941:

WICKHEM, J. While briefs on this appeal are largely devoted to the question whether any triable issues of fact are presented by the record with respect to, (1) interpretation of guaranty; (2) the application of sec. 281.22, Stats., as a defense; and (3) nondelivery of the instrument, we deem this case determined at the outset adversely to appellant upon the issue of consideration.

The answer denies any consideration for defendant's guaranty. No attack by affidavit is made upon the issue thus raised by defendant. It is plaintiff's claim that as a matter of law no defense of want of consideration may be set up since the guaranty was under seal, and since, as held in *Jost v. Wolf,* 130 Wis. 37, 110 N. W. 232; *Bibelhausen v. Bibelhausen,* 159 Wis. 365, 150 N. W. 516; *Bradley Bank v. Pride,* 208 Wis. 134, 242 N. W. 505, an instrument under seal conclusively imports consideration and the defense of no consideration raises an immaterial issue.

The vice in plaintiff's argument is that the doctrine of these cases applies to executed contracts under seal. In *Singer v. General Acc., F. & L. Assur. Corp.* 219 Wis. 508, 262 N. W. 702, it was pointed out that sec. 328.27, Stats., provides that with respect to an executory contract the seal shall be merely presumptive evidence of consideration. The seal is conclusive of consideration only in the case of executed contracts. It was therefore open to defendant to show that in fact there was no consideration for the execution of the guaranty and upon the record as it stands defendant has raised a legally material issue. There is nothing in the affidavits to indicate that it is not a substantial issue of fact. In view of this the trial court could not properly have entered a summary judgment and we consider it to be neither necessary nor expedient to consider the merits of the other contentions upon this appeal.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on December 2, 1941.