CITY OF MILWAUKEE, Respondent, vs. HEYER and others, Defendants: STRUCK and wife, Appellants.

*September 9—October 9, 1941.*

584

For the appellants there was a brief by *Robert J. Buer* and *William H. Bowman,* both of Milwaukee, and oral argument by *Mr. Buer.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Ronold A. Drechsler,* assistant city attorney, and oral argument by *Mr. Drechsler.*

MARTIN, J.  The respondent city decided that it was necessary to take by eminent domain, under ch. 275, Laws of 1931, and the amendments thereto, all of the property described in the complaint.  It is alleged that said property is required for the purposes mentioned above, and that it is the intention of the city, in good faith, to use said property for the purposes stated.

Defendants William Heyer and Emma Heyer, his wife, and Felix Struck and Agnes Struck, his wife, claim to be the respective owners of certain portions of the property described in the complaint.  Such ownership does not appear

of record. Said defendants claim to be the owners of the respective portions claimed by them by adverse possession.

The defendant Illinois Steel Company, subject to the rights of the city under the land contract hereinafter referred to, claims to be the owner of record, or otherwise, of the property described or certain portions thereof.

It is alleged that the city is uncertain as to the nature and extent of the ownership or interests claimed by the defendants and is unable to definitely define the same, and therefore has joined said defendants to permit them to establish their ownership or interests claimed by them.

On September 1, 1938, the city of Milwaukee and the Illinois Steel Company entered into a contract in writing which, among other real estate, upon certain conditions, provides for the conveyance of the real estate described in the complaint, to the city. It is further provided in said land contract that condemnation proceedings shall be commenced by the city in respect to all outstanding interests in the event that such interests could not be acquired within a certain period of time.

The Illinois Steel Company is not joined as a defendant in contravention of or to the provisions of said land contract, but in order that it may establish its rights in and to the property described or portions thereof or the sums to be paid therefor. The city by virtue of the land contract has an interest in so much of said lands owned by the steel company.

Without specific mention of the different steps taken by the city prior to the commencement of this action, it may be said that it appears from the complaint herein that all requirements of ch. 275, Laws of 1931, have been complied with, and plaintiff now seeks a verdict of the jury as to the necessity for the taking of the property in question.

The issues involved in this appeal are thus stated by appellants: (1) Does the existence in the plaintiff city of a

vendee's interest in the land under condemnation bar it from using its power of condemnation to acquire the outstanding interests of the defendants Struck? (2) Can the plaintiff contract for the use of its power of condemnation to clear up outstanding interests of other persons in land which it has contracted to purchase from a private corporation? (3) Does the complaint state facts sufficient to constitute a cause of action under ch. 275, Laws of 1931, as amended?

Sec. 12 (3) of ch. 275, Laws of 1931, provides:

*"Payment of award into court.* If there are two or more claimants to the award of damages to the same piece of property or to any part thereof and they cannot for any reason agree upon a division thereof, or if for any reason the city cannot safely determine who may be entitled to receive the award of damages or any part thereof, or if the city at its option desires, the city may pay the award of damages into the circuit court of the county where the property is situated by depositing the same with the clerk of the said circuit court and thereafter responsibility of said city for the payment of said damages shall cease and said city shall have the right to the possession of the property free of any claims or any liens. Thereafter the said circuit court shall have jurisdiction upon the application of any claimant or party interested in said award of damages to determine upon such notice as the court shall order to all interested parties or claimants and upon proof of claim or interest to determine the person or persons entitled to said award of damages and to order such distribution of the same as may be just."

Under its contract of September 1, 1938, with the Illinois Steel Company, the plaintiff city acquired only a land-contract interest in the land which may be owned by the steel company. By these proceedings the city seeks to acquire a fee-simple title to all the property in question.

The statute permits the action against all persons having an interest in any of the property.

"An interest in property sought to be condemned held by the party seeking to acquire title is not a bar to a proceeding to acquire a fee title to the same, where his rights are clear and the necessity for a fee title has been legally determined." 20 C. J. p. 911, § 328. To same effect see *In re Ely Avenue, New York City,* 217 N. Y. 45, 111 N. E. 266.

In *Milwaukee v. Taylor,* 229 Wis. 328, 282 N. W. 448, the constitutionality of several provisions of ch. 275, Laws of 1931, as amended, was challenged. Their validity was sustained.

The appellants argue that because of the provisions of the land contract between the city of Milwaukee and the Illinois Steel Company, the city is using its power of eminent domain to clear title to the land which the steel company, as seller, claims it owns; and therefore it results in using the power of eminent domain on behalf of one private citizen against another. We fail to see any merit in this contention.

It is alleged that the steel company is the record owner of the tract of land in question. It is further alleged that appellants Struck claim to be the owners of all or a portion of said land by adverse possession. The steel company will give the city a quitclaim deed. The city will get a fee-simple title as a result of the condemnation proceedings. If Strucks own any of the land in question, or any interest therein, they will get their share of such award as may be made.

If the jury returns a verdict finding that the taking of the property is necessary, then the board of assessments will determine the damages and the amount of benefits, and report same to the city council.

Sec. 10 (1) and (2), ch. 275, Laws of 1931, provide for an appeal to the circuit court and the procedure therein. Any person or persons owning or having an interest in any property affected by the assessment, either by way of assessment of damages or assessment of benefits, may appeal to the circuit court, and sec. 10 (2) provides, so far as herein material:

"The appeals shall be tried as ordinary issues of fact are tried in said circuit court, the form of the issue being subject to the direction of the court. . . ."

It must be noted that ch. 275, Laws of 1931, provides for a complete system under which cities of the first class can acquire lands for public use by the exercise of the power of eminent domain as expeditiously as may be, and preserves an owner's rights to just compensation and determination of necessity by the verdict of a jury as required by sec. 13, art. I, and sec. 2, art. XI, of the Wisconsin constitution.

Sec. 13, art. I, provides:

"The property of no person shall be taken for public use without just compensation therefor."

Sec. 2, art. XI, provides:

"No municipal corporation shall take private property for public use, against the consent of the owner, without the necessity thereof being first established by the verdict of a jury."

It should be further noted that the provisions of sec. 10 (1) and (2), ch. 275, Laws of 1931, authorizing an appeal to the circuit court, and the procedure in the circuit court is in substance the same as under ch. 32, Stats., regulating condemnation under the power of eminent domain.

In *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 400, 214 N. W. 388, referring to appeals under sec. 32.11, Stats., the court said:

"Giving force and effect to, and a reasonable interpretation upon, this quoted language, and especially the portion to the effect that, irrespective of who started the proceedings, the landowner becomes plaintiff and the party taking the land defendant in the circuit court, and that thereafter it shall proceed as subject to all provisions of law relating to actions

originally brought therein, requires, we think, a holding that when such purely statutory condemnation proceedings reach the circuit court on appeal they are then, by force of this statute, for trial *de novo* before the court and jury and upon any and all issues that can be properly framed or asserted upon the entire record as it then stands."

Sec. 42 (2), ch. 275, Laws of 1931, provides:

"This act shall be liberally construed so that such city shall have the largest possible power and leeway of action under it."

In *Milwaukee v. Taylor, supra,* p. 344, the court approved the legislative intention of according ch. 275, Laws of 1931, a liberal construction.

The city's legal capacity to sue is not affected by its contract with the Illinois Steel Company. We must hold that the complaint states a cause of action against appellants Struck and the order overruling their demurrer must be affirmed.

*By the Court.*—Order affirmed. Cause remanded for further proceedings according to law.