CITY OF MILWAUKEE, Respondent, vs. HEYER and others, Defendants: STRUCK and wife, Appellants.

*May 7—June 1, 1942.*

For the appellants there was a brief by *Robert J. Buer* and *William H. Bowman,* both of Milwaukee, and oral argument by *Mr. Buer.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Ronold A. Drechsler,* assistant city attorney, and oral argument by *Mr. Drechsler.*

Fowler, J.   The case is an appeal from an order sustaining demurrers by the city to four separate alleged defenses contained in the answer of the defendant Struck and from an order denying a summary judgment dismissing the complaint as to the land involved in these separate defenses.   The complaint is for condemnation of a tract of land by the city.   The tract is located on a peninsula known as Jones Island which has been the source of much litigation which has reached this court between the Illinois Steel Company and numerous squatters thereon who have claimed title through adverse possession.   All squatters so claiming are made parties defendant in the instant proceeding, one of whom is the defendant

Struck. Struck demurred to the complaint for insufficiency of facts, his demurrer was overruled, and the ruling was affirmed on appeal by this court in *Milwaukee v. Heyer,* 238 Wis. 583, 300 N. W. 217.

Upon careful consideration of the several separate answers demurred to we are unable to perceive anything in the contentions of the appellants respecting them that is not covered by our decision when the case was first before us. The demurrers are therefore disposed of under the rule of the law of the case.

As to the motion for summary judgment, the same affidavits are submitted in support of the motions for summary dismissal on all four defenses. The only fact relied on in support of these motions is a statement in the affidavit of Struck that the city claims to own the strip of land referred to in two of the defenses demurred to and the statement in his and two other affidavits that in a previous action of Struck v. Milwaukee, involving the strip, dismissed on a motion of nonsuit, the city in its answer claimed to own the strip. The answer of Struck in the first separate defense herein specifically alleges that he is the owner of the whole tract the city seeks to condemn. The point of the motion is that the city is seeking to condemn land which it already owns, and that this it cannot do. It is fundamental that motions for summary judgment will not be granted where there is any disputed question of fact involved. *Atlas Investment Co. v. Christ,* 240 Wis. 114, 2 N. W. (2d) 714. Struck's affidavit and his first separate answer disclose that there is upon his own allegations a disputed question of fact as to who owns the strip. In this situation the court properly dismissed the motion.

*By the Court.*—The orders of the circuit court are affirmed.

FRITZ, J., took no part.