Costello, Appellant, vs. Polenska and wife, Respondents.*

*December 7, 1942—January 12, 1943.*

* Motion to change mandate denied, without costs, on March 9, 1943.

The cause was submitted for the appellant on the briefs of *Lueck, Skupniewitz & Lueck* of Beaver Dam, and for the respondents on the brief of *Lehner & Lehner* of Princeton.

FOWLER, J. The case is an appeal by the plaintiff from a summary judgment rendered upon motion of the defendants pursuant to sec. 270.635, Stats. The action is by the lessor of a farm against his lessee, each owning a half interest in the stock and machinery used in operating the farm, upon agreement to share the profits of the farm operation. The complaint charges failure of defendants to account for profits monthly as agreed by the lease and violations of all other terms thereof to be performed by them, and prays for an accounting between the parties, and that plaintiff be adjudged to have a lien on all the personal property on the farm, excepting defendants' household and personal effects, to secure the sum found due upon the accounting.

The defendants filed an answer denying violation of any terms of the lease and that any sum was due the plaintiff on

accounting. They also interposed a counterclaim alleging that the plaintiff furnished the money for the purchase of the interest by defendants of the stock and machinery on the farm from plaintiff's prior tenant, that plaintiff took a chattel mortgage of $6,350 on said property as security for the money so furnished; that said mortgage covers the undivided interest in said stock owned by the defendants; that plaintiff is threatening and is about to foreclose said chattel mortgage; and pray for an injunction restraining the plaintiff from foreclosing said mortgage until partition of the property shall be had between the parties, so that on mortgage sale the entire interest of defendants' individual stock may be sold instead of a half interest in all of it to the end that defendants may receive or be credited with the fair value of their interest in said property. Two other counterclaims are set out, based on threats and conduct of the plaintiff toward defendants aimed to compel them to abandon their lease, but it is doubtful if any actionable wrongs are therein alleged.

Upon a pretrial conference a stipulation was entered into signed by the parties and approved by the trial judge which was supposed by the parties to settle all issues between them and on which the court granted defendants' motion for summary judgment for $409.07 and $37.75 costs.

The stipulation was dated November 29, 1941, and provides that the lease of the premises is terminated "effective forthwith;" the defendants will vacate the premises on or before noon of December 2, 1941; the plaintiff will pay the defendant $400 "immediately after" noon of December 2d, "and after the defendants have vacated said premises;" the defendants "hereby release" to plaintiff all interest in the property on the farm "except their household goods, automobile, personal belongings and chickens;" the plaintiff on paying the $400 will satisfy the chattel mortgage referred to and two others covering a combine and milking machine; plaintiff will pay the outstanding farm bills and the balances due on the combine and

milking machine, defendants representing that they have paid specified seed and fertilizer bills; defendants will leave everything on the farm except as above stated. The closing paragraph of the stipulation is that:

"Upon this stipulation being fully performed by both of the parties then the above-entitled action shall be dismissed upon the merits thereof without costs in favor of or against either party, each party to pay his own costs and disbursements, the plaintiff to pay the fees of the clerk of said court."

The plaintiff's motion papers then state several demands made by plaintiff for deductions from the $400, all which, except one, are abandoned by the plaintiff, as hereinafter appears. The one not abandoned is for the full amount of $100.82 federal conservation money. As to this, defendants aver that it belongs to them, and that they considered that it all belonged to them when the stipulation was signed and for that reason then made no mention of it.

The motion of defendants for summary judgment was noticed for hearing January 5th. At this time the plaintiff presented no affidavits in opposition to the motion, but relied solely upon the claim then presented that the court had no jurisdiction to enforce the stipulation in the instant, but only in a separate, action. On February 5th an affidavit was filed by defendants of the chairman of the Dodge County Agricultural Conservation Association which stated that an allotment of federal conservation moneys amounting to $100.82 had been made to the defendants as tenants on the leased farm, and that such payments are made to the individuals who harvest the crops to be divided in case of lessees according to the terms of their lease. On March 30th another affidavit of the defendant Bernard was filed stating that the $100.82 conservation money had been paid to him. On the same day a petition was filed by the plaintiff asking alternative relief in case his point of want of jurisdiction was not sustained. The court filed an opinion on April 1, 1942, indicating his decision

on the motions of the parties on matters as they then stood, stating that he believed the summary-judgment statute is broad enough to permit granting defendants' motion for such judgment.

Plaintiff's counsel are wrong in their contention that the court is without jurisdiction to render judgment herein upon the issues raised by the stipulation and the facts that occurred after the formation of the issues by the original pleadings. The stipulation and the facts subsequently occurring could be set up by supplemental pleadings. No supplemental pleadings were filed formally setting up those facts, but the stipulation and the facts subsequently occurring and the claims of the parties under those facts all appear by the motions and affidavits of the parties. We perceive no reason why, in view of these motions and affidavits, the case may not be decided upon the issues so disclosed. The pleadings may be considered, if need be, as amended in accordance with the undisputed facts so disclosed as may be done in case of undisputed evidence not objected to and not within the pleadings even though no motion to amend the pleadings in accordance with those facts is made.

The defendants' motion for judgment and their claims thereto have already been stated. The plaintiff, by his petition above referred to, moved the court that in the event his point as to jurisdiction above stated be not sustained, the court grant him leave to defend against defendants' motion for judgment to the extent of an offset of $100.82 by reason of the federal allotment of that amount for withdrawing a part of the leased premises from croppage. He stated in that petition that "the sole issue between the parties is the question of who is entitled to such conservation moneys [the allotment above referred to], and also defendants' failure to pay $15, being half of personal property taxes." The petition is verified by plaintiff's own affidavit and signed by his attorneys. The prayer of the petition in case the court held it had jurisdic-

tion is, (1) for an offset of $100.82 and entry of judgment against him for $299.18; (2) if that relief be denied that the plaintiff be allowed to set up said offset; and (3) if both be denied that the stipulation be set aside and the case proceed to trial under the pleadings. The defendant Bernard also avers in an affidavit that the $100.82 conservation money belongs all to the defendants and that he considered it so belonged when the defendants signed the stipulation and therefore made no mention of including it in the stipulation. There is no denial of the fact stated by the county chairman of the Agricultural Conservation Association as to payment to tenants to be divided according to the lease. The original pleadings show that the profits of the farm were to be divided equally between the parties. The conservation moneys were clearly profits of the farm and they should therefore be divided like other profits. It follows that as matters then stood the plaintiff should have been granted an offset against the $400 of $50.41. We find no allegation in the pleadings or the affidavits then before the court as to the terms of the lease respecting payment of personal property taxes or payment of those taxes by the plaintiff.

After the court's opinion was filed disposing of the motions before the court the plaintiff filed another paper which he calls "his reamended motion" by which he renews his claim as to jurisdiction of the court, and asks in case of its rejection to be permitted "to interpose" defenses on the merits to defendants' said motion. The defenses claimed repeat those made in his first petition as to conservation moneys and taxes, and states others not included in his first petition deliberately made and sworn to. We regard these additional claims palpably sham and frivolous in view of their nature, plaintiff's former petition and the statement therein above quoted that the sole issue between the parties related to the conservation moneys and taxes. The court did not expressly rule upon the request to be permitted to present the additional defenses but impliedly

denied it and very properly so. On April 15th the court filed a second opinion in writing treating the second petition as a request for reconsideration of the decision previously made. A formal order for judgment was entered as of May 2d as originally indicated and judgment was accordingly entered on the same date.

The purpose of the summary-judgment statute is to prevent delays incident to the interposition of sham and frivolous defenses and claims made in the pleadings. *Prime Mfg. Co. v. A. F. Gallun & Sons Co.* 229 Wis. 348, 281 N. W. 697. Such a judgment goes upon the issues presented by the pleadings. The judgment in the instant case did not go upon the issues so made, but upon facts that occurred subsequent to the joining of issue by the pleadings and without any supplemental pleading. The summary-judgment statute does not literally apply. Such a judgment could only be entered upon considering the pleadings as supplementally amended to fix the issues as shown by the stipulation and undisputed affidavits as they stood when the trial judge's first written decision was filed. But if the summary judgment does not literally apply, the judgment should not be reversed if or so far as it is correct on other grounds.

We have already indicated that as matters stood on April 1st when the trial judge filed his written decision, the plaintiff was entitled to an offset of $50.41 against the defendants' claim for $400. It is undisputed that both parties considered the conservation moneys as not covered by their stipulation. Their rights as to such matter therefore were not covered thereby, and the offset should properly have been granted. The plaintiff's "reamended motion" having been in effect denied by the court and for the other reasons above stated the claim in addition to those of his first petition were properly rejected. No taxable costs of this court will be allowed to either party, but plaintiff will pay clerk's fees. No costs

in the lower court will be allowed as the stipulation so provides, except the fees payable to the clerk of that court. The lower court apparently allowed $9 interest to defendants. This should be reduced to five months' interest on $349.59, or $8.75, making the judgment $358.34.

*By the Court.*—The judgment of the circuit court is reduced from $409.07 and $37.75 costs to $358.34 without costs to defendants, and as so modified, it is affirmed.

BARLOW, J., took no part.

The following opinion was filed March 9, 1943:

FOWLER, J. (*on motion to change mandate*). The defendants move the court to change the mandate filed herein to read: "The judgment of the circuit court is affirmed with costs." The ground of the motion is that the mandate is based on the mistaken idea of the court, as appears from the opinion filed, that $100.82 of conservation moneys referred to in the opinion paid to the tenant, Bernard Polenska, was the entire amount of the allowance of such moneys. The fact is, as appears from the record as it existed at the time of the filing of the opinion and mandate, that this was only one half of said allowance. The court therefore was in error in offsetting one half of said sum paid to Polenska against the $400 required by the stipulation to be paid by the plaintiff to the defendants.

So far, therefore, as the opinion and mandate direct an offset they are hereby corrected. The mistake of the court as to the fact regarding the conservation moneys should not affect modification of the judgment below as to costs. The defendants moved below for judgment on the stipulation and the stipulation provided that the judgment entered on it should be without costs to either party. The relief to the plaintiff by way of offset directed by the original mandate

being withdrawn, the defendants are allowed their costs in this court, except costs on the instant motion.

*By the Court.*—The mandate filed herein on January 12, 1943, is withdrawn. The judgment of the circuit court is modified by striking therefrom the award of $37.75 costs to the defendants, and as so modified is affirmed.