SCHULTZ, Plaintiff and Respondent, vs. RAYOME and another, Defendants and Appellants: SELMER, Interpleaded Defendant and Respondent.

*May 15—June 15, 1945.*

For the appellants there was a brief by *Martin, Clifford, Dilweg & Warne* of Green Bay, and oral argument by *L. O. Warne*.

For the plaintiff and respondent A. F. Schultz there was a brief by *Everson, Ryan & Hanaway* of Green Bay, and for the interpleaded defendant and respondent H. J. Selmer by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Walter T. Bie*.

WICKHEM, J.   The question raised by the pleadings in this case is whether plaintiff may recover upon a promissory note exacted in connection with the refinancing of a loan by the Home Owners' Loan Corporation.   Defendants contend that the note was void as against public policy and, if it is void, that they are entitled to recover such items of interest as have been paid on the note.

The defendants bought certain real estate from Selmer, the interpleaded defendant.   This real estate was purchased on land contract dated January 10, 1927.   On January 2, 1930, Selmer borrowed $3,000 from the Northern Bond & Mortgage Company and secured this loan with a first mortgage on the real estate.   In January, 1935, defendants made application to the Home Owners' Loan Corporation to refinance the mortgage and land contract.   On January 14, 1935, Selmer executed and signed a mortgagee's consent to take bonds of the Home Owners' Loan Corporation.   On February 1, 1935, Selmer received his bond authorization, together with cash in the sum of $23.08.   On February 13th and February 19th

the present holders of the first mortgage received their bond authorization and the small difference in cash for the release of their mortgage. On February 7, 1935, Selmer informed the defendants that they still owed him $900 because of the scaling down of defendants' indebtedness on the real estate. Defendants executed a promissory note for this amount which Selmer later transferred to plaintiff without indorsement. Selmer collected $81.63 as interest on the original note and Schultz collected $208.02 as interest on the renewal notes.

Plaintiff contends that the note is supported by moral consideration because there was a balance due on the original debt. Defendants claim that the taking of the note constituted a violation of the rule, thus stated in *Ganchoff v. Bullock*, 234 Wis. 613, 616, 291 N. W. 837:

"It is contrary to public policy for an existing mortgagee to take HOLC bonds for a portion of the debt and then by an agreement without the knowledge or approval of HOLC further incumber the equity of the mortgagor."

This rule was followed in *Estate of Massey*, 238 Wis. 330, 298 N. W. 199. Selmer's agreement with HOLC is as follows:

"To the Home Owners' Loan Corporation:
"The undersigned is the holder of a first mortgage or other obligation, which constitutes a lien or claim on the title to the home property of Ernest Rayome and Berdine located at 852 Howard street, Green Bay, Wisconsin, in the sum of $504.35.
"Being informed that said owner has made application to Home Owners' Loan Corporation to refund his said indebtedness, the undersigned has considered the method of refunding mortgages provided in Home Owners' Loan Act of 1933, as passed by congress and approved by the President, and the undersigned hereby consents, if said refunding can be consummated, to accept in full settlement of the claim of the undersigned the sum of $504.35, face value of the bonds of Home Owners' Loan Corporation, to be adjusted with not exceeding

$50 cash as provided in said act, and thereupon to release all claim of the undersigned against said property.

"It is understood that you will incur trouble and expense in connection with your effort to refund the indebtedness of said homeowner, and this consent is executed in consideration of the same and shall be binding for a period of ninety days from date.

"This, the 14th day of January, 1935.

"/s/ HENRY J. SELMER."

Defendants claim that Selmer thus agreed to accept a scaled-down amount of bonds, plus a small amount of cash, and thereupon to release all of his claim against the property. This statement of the law and facts is a sufficient basis for discussion of the narrower question involved upon this appeal.

The question here is whether the trial court properly declined to enter a summary judgment in favor of defendants. This depends upon a determination whether the facts, as disclosed by defendants' affidavits, show beyond question that an agreement existed between Selmer and plaintiff which resulted in the execution of the note by plaintiff, and which constituted a fraud upon the HOLC in that it was made without the knowledge and approval of the HOLC and would have been an important factor in the determination of the government agency to finance the loan. In *Ganchoff v. Bullock, supra,* this court said (p. 617):

"It should be noted that HOLC has not and does not assume to have the power to prohibit second mortgages except as a condition to granting a loan secured by a first mortgage, and it does not in fact prescribe this prohibition as a condition unless, (1) the second mortgage is greater than the equity over and above the corporation's mortgage; or (2) the terms are such as to create a hardship upon the mortgagor or deprive him of a reasonable opportunity to pay the second mortgage. It is extremely doubtful if either condition applied here because there was to be no second mortgage upon the property secured by the HOLC first mortgage. At all events, however, the full duty of creditors who propose to retain a lien

upon portions of the debtor's property is discharged if HOLC is advised of the situation so that if proper it may decline the loan unless the plans of the creditors are abandoned or modified. Hence, it is the secret mortgage, collusively agreed for, that is void as against public policy because it has deprived HOLC of the data upon which its decision to loan must be based if it is to carry out the beneficent purposes of the law. Here there was nothing secret or collusive about the transaction and HOLC was fully advised of the situation. Further than this, there were no liens retained upon the portion of the premises covered by the HOLC mortgage."

We discover nothing in the affidavits setting up beyond dispute facts that bring this case within the doctrine of the *Ganchoff Case, supra.* The issue of fraud upon the HOLC is sufficiently raised by the pleadings, and we consider that the trial court rightly determined that the issue of fact had not been eliminated by affidavit and that the case should stand for trial upon the issues made by the pleadings. Defendants' showing upon the motion for summary judgment is not sufficient to deprive plaintiff of his right to a trial.

*By the Court.*—Order affirmed.