HANSON, by Guardian, Respondent, vs. HALVORSON and another, Appellants.

*September 11—October 16, 1945.*

For the appellants there was a brief by *Coe & Cameron* of Rice Lake, and oral argument by *William A. Cameron.*

For the respondent the cause was submitted on the brief of *F. E. Yates* of Amery.

FOWLER, J.   This is an appeal from an order denying a motion of the defendants for a summary judgment.   The defendant Halvorson struck a three-year-old child while driving his automobile on a residence street in a small city. The complaint alleges that he was negligent and demands compensation for the child's injuries.   The defendants moved for a summary judgment on the affidavit of Halvorson.   His affidavit states facts as he claims them to be.   The father of the child presented his affidavit in opposition. Halvorson did not see the injured child before the collision. The child's father did not see the collision, but heard the thud of it and ran out from his home and picked the child up.   In absence of cross-examination, each affidavit leaves unsaid as much as it says about circumstances in the affiant's knowledge which are material on the question of defendant's lookout.   The affidavits differ as to some of the circumstances as to which they do speak.   The affidavits include conclusions of law and much argument, which of course are immaterial as to lookout.   The bare facts stated are as follows:

Halvorson's affidavit states that he was driving south in the middle of the west traffic lane of the street at twenty

miles per hour; that two or possibly three automobiles were parked on the west side of the street parallel with it; that a five-year-old child was crossing the street in front of his car in the center of the block; that this child proceeded to or a little beyond the center of the street, so that the child "if it did not turn back was completely across the path" of defendant's car; that Halvorson did not see any other child than this one; that about the time this child had arrived at the center of the street he heard a thud; that he stopped his car and got out and discovered the plaintiff child eight feet behind and slightly to the west of the right rear wheel of the car.

The father's affidavit states that at the time of the accident he was sitting in his home; that he "heard the accident" and immediately ran out; that the child was lying thirty feet behind defendant's car and a trifle east of the middle of the road; that there were no skid marks behind defendant's car; that the street was sixty feet wide, without curbs, and with black-top twenty feet wide in the center; that there was only one car parked on the west side of the street; that there were children on the east side of the street, and that Halvorson said that he was watching these children and did not see the plaintiff.

From these affidavits it does not appear how far ahead of the defendant's car the child that was crossing the street was; nor does it appear whether the children on the east side of the street could testify to material facts nor whether any other witnesses as to material facts are procurable. From the affidavits it is inferable that the residence of the child's father was on the west side of the street, that the injured child was going from the home premises east when the accident occurred, and that the child ahead of defendant's car was going west, although there is no direct testimony to these facts. In this situation the opportunity and right of cross-examination of the witnesses are highly important.

The summary-judgment statute is sec. 270.635. The general principles governing denial of such a judgment are stated and reiterated in the decisions next cited: *Dubin v. Mohr, post,* p. 520, 19 N. W. (2d) 880; *Parish v. Awschu Properties, Inc., ante,* p. 166, 19 N. W. (2d) 276; *Holzschuh v. Webster,* 246 Wis. 423, 17 N. W. (2d) 553; *Etteldorf v. Yellow Cab & Transfer Co.* 246 Wis. 602, 18 N. W. (2d) 330; *Schultz v. Rayome, ante,* p. 178, 19 N. W. (2d) 280; *Costello v. Polenska,* 242 Wis. 204, 7 N. W. (2d) 593, 8 N. W. (2d) 307; *Vande Leest v. Basten,* 241 Wis. 509, 6 N. W. (2d) 667; *McLoughlin v. Malnar,* 237 Wis. 492, 297 N. W. 370; *Atlas Investment Co. v. Christ,* 240 Wis. 114, 2 N. W. (2d) 714; *Unmack v. McGovern,* 236 Wis. 639, 296 N. W. 66; *Milwaukee v. Heyer,* 241 Wis. 56, 4 N. W. (2d) 126; *Frank v. Schroeder,* 239 Wis. 159, 300 N. W. 254; *Sullivan v. State,* 213 Wis. 185, 251 N. W. 251; *Prime Mfg. Co. v. A. F. Callun & Sons Corp.* 229 Wis. 348, 281 N. W. 697; *Fuller v. General A. F. & L. Assur. Corp.* 224 Wis. 603, 272 N. W. 839; *Holzinger v. Prudential Ins. Co.* 222 Wis. 456, 269 N. W. 306; *Ehrlich v. Frank Holton & Co.* 228 Wis. 676, 280 N. W. 297, 281 N. W. 696; *Barneveld State Bank v. Rongve,* 228 Wis. 293, 280 N. W. 295.

Under the facts above stated and the array of cases above cited announcing the principles governing denial of a summary judgment, it is manifest that summary judgment was properly denied in the instant case because the issue of the sufficiency of Halvorson's lookout was a jury question. If the pleadings, taking them as they stand, make a case for trial by a jury, a summary judgment will be denied unless it appears from the affidavits that different conclusions of essential ultimate fact cannot reasonably be drawn. Nor will such judgment be granted where it does not appear from the affidavits that no circumstances exist that tend to support an inference of essential ultimate fact contrary to

that contended for by the movant, nor where it does not appear that the conclusive effect claimed for the affidavits by the movant cannot be destroyed by cross-examination. Hardly ever can a summary judgment be granted upon affidavits unless the issue raised by the pleadings undeniably depends upon documents set forth by copy in the affidavit of the moving party which are not impeached by an opposing affidavit. Several improper resorts to the statute seem to have been made in reliance on *Petrie v. Roberts,* 242 Wis. 539, 8 N. W. (2d) 355, in which the court extended application of the statute far beyond what had theretofore been considered proper. That case went the limit, and the court is not disposed to extend the limit farther.

*By the Court.*—The order of the circuit court is affirmed.