**Thomas JONES, Appellant,**

v.

**FULLER–GARVEY CORPORATION,**
**Appellee.**

**No. 344.**

Supreme Court of Alaska.

Nov. 19, 1963.

---

5. Civ.R. 51(b) (5).

Edward A. Merdes of McNealy, Merdes & Camarot, Fairbanks, for appellant.

Warren A. Taylor of Taylor & Bullerwell, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This appeal comes to us upon an agreed statement in which the parties stipulate that the point to be relied upon by the appellant is this: "Did the Lower Court error [sic], under the facts of this case, in holding that the December 3, 1960 fire and consequent destruction of the building on the leased premises, brought the landlord-tenant relationship between the parties to an end and thereby discharged Fuller-Garvey [the tenant-appellee] from its obligation to pay $400.00 per month rent from December 1, 1960 through September 30, 1965 inclusive [the period stated representing the unexpired term under the lease] ?"

The facts of the case are also set forth in the agreed statement. Those which we consider pertinent to the issue raised are as follows: By written lease the appellee corporation rented a nightclub from the ap-

pellant for a ten-year term commencing October 1, 1955. On November 5, 1960, the appellee, without legal justification, abandoned the premises. His rent at the time of the abandonment was paid through November, 1960. On December 3, 1960, the nightclub burned to the ground, apparently while unoccupied. The appellee let it be known that it would not move back onto the premises even if the nightclub were rebuilt. As for the appellant, he did not offer or intend to rebuild the nightclub.

The appellant claimed that the appellee, in abandoning the nightclub, caused damage thereto in the sum of $6,850 by removing equipment and fixtures, which belonged to the appellant, and by leaving the building open so that all the plumbing froze. In addition to the damages mentioned, the appellant also sought to recover rent at the rate of $400 per month for the entire unexpired term. The trial court gave judgment for damages in the amount claimed but allowed nothing by way of rent.

The record contains a copy of the lease agreement which we have examined. We find therein no acceleration clause for payment of rent in the event of some breach of the agreement by the lessee. Nor does the lease contain any provision regarding the rights and obligations of the parties in case the demised building should be destroyed by a chance fire rendering it unfit for tenancy. The lease does state that it is entered into for the purpose of conducting a nightclub. It also provides that the "lessee will use due care against fire hazards" and that, if the lessee defaults in the payment of rent or fails to perform any of the conditions and covenants of the lease, the lessor may evict the lessee, declare the lease forfeited and retain all moneys paid as rent and liquidated damages.

The general rule at common law is that a tenant remains under the obligation to pay rent to become due in the future, notwithstanding the destruction of the leased premises, so long as any part thereof remains in existence capable of being occu-

pied or enjoyed by him.[1] However, by the terms of the lease its purpose was for the conducting of a nightclub; and this fact places the instant case in the well recognized exception to the general rule that when the purpose of the lease is totally frustrated by a supervening event of which the lease says nothing, the lease shall be dissolved and the parties shall be excused from their obligations thereunder.[2]

■ Appellant's counsel contends that the exception should not be applied in this case for the reason that the tenant, the appellee, had tortiously abandoned the premises and was wrongfully out of possession when the fire occurred. We cannot subscribe to such reasoning if the appellant implies or infers by it that the fire would not have occurred but for the wrongful conduct of the appellee in abandoning the building. There is no factual basis in the stipulated record of this case to support such an inference.

■ Neither can we subscribe to such reasoning if the appellant means thereby that the cause of action as to the future rental payments and the damages thereon became fixed on the date of the abandonment. This would in effect be asking this court to apply the doctrine of anticipatory breach to the lease contract. If we were to consider the appellee's abandonment as an anticipatory breach of the lease contract, the appellant still could not recover damages for that future period after the fire, for evidence became available after the cause of action arose, but prior to judgment thereon, of the supervening impossibility which constituted a complete failure of consideration for all rent due in the future. The loss should rest where chance has placed it. The

fire destroyed any cause of action as to anticipatory breach that the appellant had.[3]

Supplementary to his principal argument, the appellant contends that he was entitled to recover in this action the entire rent for the unexpired term, due and to become due, because the appellee abandoned the premises without notifying him that it would not abide by the rent contract. The agreed statement is silent regarding any failure on the part of the appellee to give notice of its abandonment of the leased premises, and, therefore, we need not consider the point.

Apart from the appellant's appeal in this case, the appellee, as a concluding matter in its brief, asks us to relieve it from its inadvertent concurrence in the agreed statement that "regardless of the outcome each side is to bear their own costs and attorneys fees." The appellee asserts that for this court to give effect to such a stipulation is to permit parties to usurp the power of the court to allow costs and attorney's fees. We disagree.

The legislature has declared in AS 09.60.-010 that, except as otherwise provided by statute, the supreme court shall determine by rule or order what costs, if any, including attorney's fees, shall be allowed the prevailing party in any case. Supreme Ct. R. 37 provides that this court shall allow costs and attorney's fees to the party which prevails on appeal, "unless otherwise ordered by the court."

■ The appellant has directed us to no statute or court decision to the effect that the parties to an action may not by stipulation waive their respective rights to costs and attorney's fees. The decisions on the

1. Wood v. Bartolino, 48 N.M. 175, 146 P. 2d 883, 888 (1944); Eggen v. Wetterborg, 193 Or. 145, 237 P.2d 970, 974 (1951); Anderson v. Ferguson, 17 Wash. 2d 262, 135 P.2d 302, 307–308 (1943); see 3 Tiffany, Real Property § 905 (1939).

2. Eggen v. Wetterborg, supra note 1. See 6 Corbin, Contracts § 1356 (1962).

3. Fratelli Pantanella, S.A. v. International Commercial Corp., 89 N.Y.S.2d 736, 739–740 (Sup.Ct.1949). See 6 Williston, Contracts §§ 1967A, 1759 (rev. ed. 1938); Restatement, Contracts § 457, comment d (1932).

subject which we have found by our own research give full force and effect to such stipulations.[4] We shall do likewise in this

case and disallow costs or attorney's fees on appeal to either party.

Judgment affirmed.

4. Weyerhaeuser Timber Co. v. First Nat'l Bank, 150 Or. 172, 38 P.2d 48, 58, 43 P. 2d 1078 (1934); Costello v. Polenska, 242 Wis. 204, 7 N.W.2d 593, 8 N.W.2d 307 (1943). See also Coggeshall v. Hartshorn, 154 U.S. 533, 14 S.Ct. 1198, 15 L.Ed. 261 (1855); Bond v. Davenport, 123 U.S. 619, 8 S.Ct. 306, 31 L.Ed. 279 (1887); Schaller v. Moore, 254 App.Div. 553, 3 N.Y.S.2d 325 (1938).