SAILER, Appellant, v. WISCONSIN REAL ESTATE BROKERS' BOARD, Respondent.

*October 9—November 5, 1958.*

For the appellant there was a brief by *Otto & Bird* of Milwaukee, and oral argument by *John D. Bird, Jr.,* and *Arnold C. Otto.*

For the respondent there was a brief by the *Attorney General* and *Robert J. Vergeront,* assistant attorney general, and oral argument by *Mr. Vergeront.*

CURRIE, J. Sailer advances the following three contentions on this appeal:

(1) That the board's first conclusion of law, to the effect that Sailer had demonstrated his incompetency as a broker by his actions in failing to furnish a proper listing agreement, and offers of purchase, is beyond the scope of the complaint and not sustained by the evidence.

(2) That the penalty imposed by the board in revoking Sailer's license was too severe and constituted arbitrary action within the meaning of sec. 227.20 (1) (e), Stats.

(3) That it was error for the circuit court not to grant the complainant Halmo's request to withdraw his complaint and to have the board's order of revocation of license set aside.

Halmo's written complaint to the board, which initiated the board's disciplinary proceedings against Sailer, contained the following allegations:

"That on or about April 16, 1956, defendant Sailer, upon promises of selling plaintiff's tavern and residence building at 1933 N. 13th St., Milwaukee, Wis., did induce this plaintiff to place a Five Hundred ($500) Dollars deposit with him, Conrad E. Sailer, on another tavern-investment property at 2526 W. Cherry St., Milwaukee, Wis., subject to and conditional upon defendant's selling this plaintiff's property at 1933 N. 13th St., above stated, which terms were listed in a simple money-received receipt given this plaintiff on April 16, 1956, and that no other papers, contracts, or offers of purchase were signed, shown, or given to this plaintiff."

Sailer violated a rule of the board in failing to reduce Halmo's offer to purchase the Windy's Tap premises to writing and have the same subscribed by Halmo and leaving a copy thereof with Halmo. Such rule is 5 Wis. Adm. Code, sec. REB, 5.02 (2), which reads as follows:

"Offer to Purchase. The broker or salesman shall leave with a person offering to buy such property, an exact and complete copy of the offer to purchase which he had signed at the time of signature."

Furthermore, by not having Halmo sign a written listing contract employing Sailer to sell the Halmo property, Sailer put himself in a position where he could not legally collect his commission if he had been successful in effecting a sale. Sec. 240.10, Stats.

We have no hesitancy in concluding that the complaint did sufficiently allege the facts upon which the board's determination of incompetency was based, and that the evidence sustained the same. Sec. 136.08 (2) (i), Stats., makes demonstrated incompetency a ground for suspension or revocation of a real-estate broker's license.

Counsel for Sailer strenuously maintain that revocation of license was such a severe penalty for the board to invoke that it constituted arbitrary action which should be reversed and set aside. Such revocation was grounded by the board upon sec. 136.08 (2) (h) as well as upon sec. 136.08 (2) (i), Stats. Sec. 136.08 (2) (h) provides that failure to account within a reasonable time for moneys belonging to another which come into a broker's possession is ground for a suspension or revocation of license. The misappropriation by Sailer of the $500 was admitted by his own testimony.

Whether the discipline meted out by the board takes the form of a revocation of license instead of a suspension of the same for a limited period lies within the discretion of the board and not a reviewing court. Cf., *Nolan v. Wisconsin R. E. Brokers' Board* (1958), 3 Wis. (2d) 510, 89 N. W. (2d) 317. There has been no attempt here to establish that the revocation of Sailer's license was a more-severe penalty than is being exacted by the board for similar offenses committed by other brokers. Therefore, there is no basis upon

which this court might hold such penalty to be arbitrary or capricious within the meaning of sec. 227.20 (1) (e), Stats.

There remains for consideration the charge that it was error for the trial court not to have given effect to Halmo's written request to withdraw his complaint and for the setting aside of the board's order of revocation of license.

Sec. 227.16 (1), Stats., requires that in the circuit court action, in which review of a decision of an administrative agency is sought, a copy of the petition for review shall be served upon all persons who appeared before the agency in the proceeding. Pursuant to this statute Halmo was so served with Sailer's complaint in the circuit court action. The filing of Halmo's written notice of appearance and statement of position is specifically authorized by sec. 227.16 (2). However, neither such subsection, nor any other provision of ch. 227, Stats., prescribes what weight if any the circuit court must accord thereto.

The disciplinary power conferred upon the board by sec. 136.08, Stats., is for the protection of the general public and not merely for the individual who was harmed by the incompetence or dishonesty of the broker against whom charges have been filed. The Florida supreme court has so held with respect to a similar Florida statute. *Ahern v. Florida R. E. Comm.* (1942), 149 Fla. 706, 6 So. (2d) 857. Once disciplinary proceedings have been invoked against a broker upon complaint, such as in the instant case, it is for the board and not the complainant to determine whether protection of the public requires the exaction of a license suspension or revocation.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., and BROWN, J., took no part.