CARROLL, Judge.
This appeal arose out of a mortgage foreclosure suit. It represented a contest between defendants who were bidders at the foreclosure sale. Farmers Home Administration, an agency of the United States, was declared the highest and best bidder. The appellants, who claimed the right to prevail as the highest bidder objected to the master’s report of sale. They appealed from an adverse order confirming sale.
After this court had considered the appeal and filed its opinion and judgment, but prior to expiration of the time for filing petition for rehearing and before our mandate had issued, the appellants filed a notice of dismissal of their appeal. This court then directed that the parties file a statement disclosing any settlement made or other factual basis prompting the request for dismissal. See Garsson v. National Rubber Machinery Co., 1946, 271 App.Div. 770, 64 N.Y.S.2d 852. They responded by showing that a settlement had been effected between the two competing bidders whereby the United States of America would receive title (through the confirmed foreclosure sale) to all of the property involved, consisting of approximately 4,000 acres, and then would deed to appellants, for the amount bid by appellants thereon, one parcel amounting to approximately 425 acres, to which appellants had held title.
 After an appellate court has taken a cause under advisement, ordinarily it may not be terminated without the sanction of the court, because the court has power to decide it according to its judgment and is not bound to render a judgment dictated by the parties. See Texas Consol. Theatres v. Pittman, 5 Cir. 1938, 94 F.2d 203, 204. When the court has filed its opinion and judgment and the parties settle on the basis thereof but prior to such decision becoming final, there is more reason to hold that it lies within the discretion of the appellate court to grant a dismissal on the basis requested by the parties or to allow its decision to stand and be given such effect as the court may deem appropriate consistent with the subsequent action of the parties. See Texas Consol. Theatres v. Pittman, supra; McKenzie v. Chastain, 181 Ga. 807, 184 S.E. *877 276; 5 C.J.S. Appeal and Error § 1354, p. 422. Thus in McKenzie v. Chastain, supra, where the parties entered into a settlement after the appeal had been decided but was still pending on motion for rehearing, the Georgia Supreme Court recognized the cause as having become moot, vacated its judgment and withdrew its opinion and dismissed the cause. In the instant case, upon being advised of the settlement made after and largely on the basis of our filed decision, we caused the application for dismissal to be set for hearing on notice to all parties. Following such hearing, we have concluded that the settlement, which appears to have been made in good faith, has rendered moot the matter in controversy. We further conclude that the circumstances presented do not require the preservation of our opinion and judgment which, therefore, are hereby withdrawn and vacated. The appeal will stand dismissed at the appellants’ cost.
It is so ordered.