CRAWLEY, Judge.
Gary Powers Development, Inc. (“GPD”), whose designated qualifying representative is Gary Powers, is licensed by the State Home Builders Licensure Board as a residential home builder. GPD contracted to build an addition to the home of Cliff Yetter and Ellen Yetter. The Yet-ters were dissatisfied with the work GPD performed and filed a complaint against it with the Board. The Board investigated the allegations and charged GPD with incompetence in the practice of residential home building in violation of Ala.Code 1975, § 34-14A-8. After an administrative hearing, the Board revoked GPD’s license and fined it $1,000.
GPD filed a petition for judicial review of the Board’s order in the Baldwin Circuit Court. See Ala.Code 1975, § 41-22-20(b). Before the trial court’s consideration of the merits of its appeal, GPD filed a document entitled “Motion of Petitioner Gary Powers Development, Inc., et al., to submit New Evidence Which Was Heretofore Unavailable.” Attached to this motion was a document entitled “Motion of Cliff Yetter and Ellen Yetter to Withdraw Complaint”; that document indicated that the Yetters and GPD had settled a civil lawsuit filed by the Yetters that had alleged GPD was incompetent and that the Yetters now desired to withdraw their complaint with the Board. On January 22, 2001, the trial court dismissed GPD’s appeal, stating as grounds that it was moot.
The Board corresponded with GPD, requesting that it voluntarily surrender its license as required by the administrative order of the Board; GPD refused. In May 2001, GPD filed in the trial court a petition for temporary restraining order (“TRO”) against the Board to prevent it from notifying local building authorities that GPD’s license had been revoked. The trial court granted the TRO. The Board filed a motion to dissolve the TRO; at the hearing on that motion, the trial court reinstated GPD’s appeal.
The Board, on July 10, 2001, filed a petition for writ of mandamus in this court, arguing that the trial court lacked jurisdiction to reinstate the appeal it had previously dismissed. This court agreed and granted the petition, ordering the trial court to dismiss the reinstated appeal. The trial court issued the required judgment dismissing GPD’s appeal on October 15, 2001.
After the trial court issued its judgment, the Board once again asked GPD to surrender its license; it again refused, indicating that it believed that the dismissal of the appeal did not reinstate the Board’s administrative order revoking its license. On December 10, 2001, the Board filed a motion with the trial court entitled “Motion to Clarify, or, in the alternative, Motion for Sanctions.” That motion informed the trial court that GPD had not complied with the October 15 judgment, explained that the Board suspected that GPD misunderstood the import of that judgment, and requested that, if GPD did not misunderstand the import of the October 15 judgment and was willfully refusing to comply, that it be sanctioned. The trial court, after a hearing, entered an order on January 8, 2002, stating, “[pjursuant to the ruling of the Alabama Court of Civil Appeals, [GPD] is hereby ordered to surrender [its] contractor’s license.” From that order, GPD appeals.
The Board argues that GPD’s appeal, which was filed on February 7, 2002, is untimely. It argues that the October 15, 2001, dismissal was the final judgment in this case. According to the Board, neither party filed a postjudgment motion tolling the 42-day appeal period, and the time for filing an appeal expired on November 26, 2001. The Board also argues that its De *780 cember 10 motion was not postjudgment motion contemplated by Rule 4(a)(3), Ala. R.App. P., or, if it was, it was untimely and did not serve to toll the time for appeal.
GPD argues that the trial court had never reinstated the Board’s order and that it never intended to do so until it entered the January 8, 2002, order modifying the Board’s order by requiring only that GPD surrender its license and omitting the requirement that GPD pay the $1,000 fine. Thus, GPD says, its appeal from that January 8, 2002, order is timely. GPD is operating under the assumption that the trial court’s original dismissal of its appeal as moot somehow erased the Board’s order revoking GPD’s license. However, GPD misunderstands the import of the dismissal of its appeal.
GPD had the right to appeal the Board’s decision to revoke its license by filing a petition for review in the trial court pursuant to Ala.Code 1975, § 41-22-20(a) and (b). See Ala.Code 1975, § 34-14A-8 (providing a right of appeal from the Board’s orders). The trial court could have affirmed, reversed, or modified the Board’s order, or the court could have remanded the case for the taking of additional testimony. Ala.Code 1975, § 41-22-20(k). However, the trial court was not permitted to reweigh the evidence before the Board; instead, its review was limited to determining whether the Board’s order was:
“(1) In violation of constitutional or statutory provisions;
“(2) In excess of the statutory authority of the agency;
“(3) In violation of any pertinent agency rule;
“(4) Made upon unlawful procedure;
“(5) Affected by other error of law;
“(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
“(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.”
Ala.Code 1975, § 41-22-20(k). The trial court’s review of an appeal from an administrative order is generally limited to the administrative record. Ala.Code 1975, § 41 — 22—20(j); Covin v. Alabama Bd. of Examiners in Counseling, 712 So.2d 1103, 1106 (Ala.Civ.App.1998).
GPD submitted additional “evidence” to the trial court — the Yetters’ joint affidavit in which they state that they wish to withdraw their complaint against GPD and that they do not want its license revoked. The trial court, apparently concluding, as GPD has, that the withdrawal of the Yet-ters’ complaint resolved the entire matter and left no case or controversy to be appealed, originally dismissed GPD’s appeal on the basis that it was moot. That dismissal, however, did not affect the Board’s order revoking GPD’s license.
The Yetters’ complaint instigated the Board’s investigation into GPD and ultimately led to the Board’s decision to revoke GPD’s license. However, the Board, like other regulatory boards, has as its purpose “to provide for the licensure of those persons who engage in home building and private dwelling construction” because “[hjome builders may pose significant harm to the public when unqualified, incompetent, or dishonest home building contractors and remodelers provide inadequate, unsafe or inferior building services.” Ala.Code 1975, § 34-14A-1. The Legislature has stated that the Board was created to regulate the home-building industry, id., and, in light of other cases considering the purpose of regulatory boards, we conclude that the Board was created “ ‘ “to protect *781 the public against incompetent” ’ ” home builders and to assure properly built homes that are “ ‘ “free from defects and dangers to the public.”’” See Thomas Learning Ctr., Inc. v. McGuirk, 766 So.2d 161, 169 (Ala.Civ.App.1998) (citing J & M Indus., Inc. v. Huguley Oil Co., 546 So.2d 367, 368 (Ala.1989), quoting in turn Cooper v. Johnston, 283 Ala. 565, 567, 219 So.2d 392, 394 (1969)). The Yetters’ decision to withdraw their complaint did not impact the Board’s authority to determine whether the public interest required the revocation of GPD’s license. Sailer v. Wisconsin Real Estate Brokers’ Bd., 5 Wis.2d 344, 92 N.W.2d 841, 845 (1958) (“Once disciplinary proceedings have been invoked against a broker upon complaint, such as in the instant case, it is for the board and not the complainant to determine whether protection of the public requires the exaction of a license suspension or revocation.”).
The dismissal of an appeal ordinarily leaves the appellant “in the same position as if no appeal had been taken.” FDIC v. Equitable Life Assurance Soc’y of the United States, 289 Ala. 192, 196, 266 So.2d 752, 754 (1972); Wilson v. Wilson, 53 Ala.App. 194, 198, 298 So.2d 616, 619 (1973); see also Alabama Power Co. v. Thompson, 250 Ala. 7, 12, 32 So.2d 795, 800 (1947) (quoting Lewis on Eminent Domain, 3d ed., § 793, p. 1409) (stating that “ ‘[t]he effect of an appeal where there is a trial de novo in the appellate court is to vacate the decision appealed from until the appeal is disposed of. But if the appeal is dismissed, the decision appealed from is restored to full force and effect’ ”). The dismissal of GPD’s appeal left it in the same position as if it had never appealed the Board’s order. The Board’s order revoking GPD’s license and imposing the $1,000 fíne remained in effect as of the date the trial court dismissed GPD’s appeal in January 2001.
Because the Board’s order was effective on October 15, 2001, the date of the dismissal of GPD’s appeal to the circuit court, the trial court’s January 8, 2002, order requiring GPD to surrender its license, was not, as GPD argues, the first time the trial court had “reinstated” a portion of the Board’s order. In fact, the October 15 judgment of the trial court in compliance with this court’s writ of mandamus was the final judgment from which GPD was required to appeal within 42 days, provided no postjudgment motion was filed. See Rule 4(a)(1) & (a)(3), Ala. R.App. P.
We agree with the Board that its December 10 motion was not a post-judgment motion filed pursuant to Rule 59(e), Ala. R. Civ. P.,[1] and, therefore, that it did not serve to toll the time for appeal. See Rule 4(a)(3) (providing that “[t]he filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal”). A Rule 59(e) motion requests the trial court to change or modify its judgment. The Board’s motion requested only that the trial court clarify the judgment so that GPD would comply or, in the event GPD understood the judgment, impose sanctions for its willful noncompliance. See Gold Kist, Inc. v. Crouch, 671 So.2d 695, 696 (Ala.Civ.App.1995). Thus, the Board’s motion, not being a Rule 59(e) *782 motion, did not toll the time for appealing the October 15 judgment.
However, even if we were to determine that the Board’s motion was a post-judgment motion, the motion would still not have tolled the time for taking an appeal. The Board filed its motion on December 10, 2001, more than 30 days after the trial court dismissed GPD’s appeal. See Rule 59(b), Ala. R. Civ. P. An untimely postjudgment motion will not toll the time for taking an appeal. Lewis v. State, 463 So.2d 154, 156 (Ala.1985).
GPD’s appeal was filed more than 42 days after the entry of the trial court’s judgment dismissing its appeal. See Rule 4(a)(1), Ala. R.App. P. Accordingly, we must dismiss this appeal.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.

. Because the judgment was a dismissal, the only applicable postjudgment motion that would toll the time for taking an appeal would be a Rule 59(e) motion to alter, amend, or vacate the trial court’s judgment. See Rule 50(b) (governing postjudgment motions for a judgment as a matter of law), Rule 52(b) (governing motions to amend findings after judgment), and Rule 55(c) (governing motions to set aside a default judgment).