On Application for Rehearing

MOORE, Judge.
This court’s opinion of November 30, 2012, is withdrawn, and the following is substituted therefor.
On November 30, 2012, this court issued an opinion reversing a decision of the Alabama State Health Planning and Development Agency’s Certificate of Need Review Board (“the CONRB”) concluding that *388 Eye Surgery Center of Florence, LLC (“ESC”), was not required to obtain a new certificate of need to operate an eye-only ambulatory surgery center at a site owned by Valley Properties, LLC, upon which Valley Surgery Center, L.L.C., had formerly operated an eye-only ambulatory surgery center. Following the issuance of that opinion, the Alabama State Health Planning and Development Agency (“SHPDA”) timely filed an application for rehearing. This court subsequently granted the motions of the Alabama Hospital Association, the Assisted Living Association of Alabama, the Alabama Hospice and Palliative Care Organization, and the Alabama Nursing Home Association to be designated as amici curiae and to file briefs in support of SHPDA’s application for rehearing. See Rule 29, Ala. RApp. P.
After SHPDA and the amici curiae filed their briefs in support of rehearing, the attorney for the Florence Surgery Center, L.P., doing business as Shoals Outpatient Surgery, and its general partner SCA-Florence, LLC (hereinafter referred to collectively as “FSC”), the only parties that appealed from the decision of the CONRB, filed a letter with this court stating, in pertinent part:
“... I am writing to inform the Court that after entry of the Court’s November 30, 2012 opinion, the interest of my client[s], Florence Surgery Center, L.P. d/b/a Shoals Outpatient Surgery and SCA-Florence, LLC, in this matter was resolved. Consequently, my elient[s] will not file a brief in response to the Alabama State Health Planning and Development Agency’s application for rehearing, and do[ ] not want to participate further in this case.”
This court ordered ESC, Valley Surgery Center, L.L.C.,[1] and SHPDA, as well as the amici curiae, to file letter briefs, if they so elected, regarding the effect of that letter and its contents on the appeal. In their letter brief, SHPDA and the amici curiae argue that the issues on appeal have become moot and that this court may withdraw its opinion issued on original submission. ESC argues in its letter brief that the letter should be construed as a motion to voluntarily dismiss the appeal, justifying the withdrawal of the opinion issued on original submission. We elect to follow the path outlined by SHPDA and the amici curiae.
In Caldwell v. Loveless, 17 Ala.App. 881, 85 So. 307 (1920), the Alabama Court of Appeals noted that, while an appeal was pending, the parties to the appeal had sold their interests in the subject of the appeal to other parties and had settled the case. Based on those circumstances, the court determined that the appeal had become moot because of the absence of a present justiciable controversy. The court stated:
“The necessary requisite to appellate jurisdiction is the existence of an actual controversy; therefore it is not within the province of this court to decide abstract or hypothetical questions, which are disconnected from the gravity of actual relief, or from the determination of which no practical result can follow. Nor is it the province of this court to consider a fictitious case, submitted merely for the purpose of testing the right to do a particular thing.
“The general rule is, if pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal may be dismissed: There are many instances in which such condition may arise. It may arise by the act of the appellant himself. Woodruff v. Austin, 16 Misc. Rep. 543, 38 N.Y.S. 787 [ (1896) ] .... Similarly it arises where a litigation has ceased to be between parties having adverse interests, etc. It has also been held, where all substantial interest in the controver *389 sy has been parted with or extinguished, the court will not hear the appeal merely to determine the rights to costs. Randolph v. Rosser, 7 Port. 249 [(1838)].”
17 Ala.App. at 382, 85 So. at 307-08.
In his letter to this court, the attorney for FSC informed the court that it had “resolved” its interest after this court issued its opinion on original submission. Whether that resolution occurred via a settlement, through conveyance, or by some other means is not apparent, but, because FSC, the only appellant, no longer has an interest in the outcome of this appeal, the appeal has become moot because of the absence of a continuing actual controversy. Any opinion on the issues presented would no longer affect the rights of FSC or provide FSC with any “actual relief’ from which a “practical result can follow.” Caldwell, supra. Any opinion would, in fact, decide only “abstract or hypothetical questions,” which this court is generally forbidden from answering. Caldwell, supra; see also Alabama Nursing Home Ass’n v. Alabama State Health Planning Agency, 554 So.2d 1032 (Ala.Civ.App.1989).
FSC’s resolving its interest in the appeal only after the court issued an opinion does not present a basis for a different outcome. In Rothenberg v. Connecticut Mutual Life Insurance Co., 161 So.2d 875 (Fla.Dist.Ct.App.1964), the District Court of Appeal of Florida had issued an opinion in a mortgage-foreclosure dispute. Before the time had lapsed for filing a petition for rehearing and before a “mandate” had been issued by the court, the parties informed the court that the issues had been resolved through settlement. The court investigated the matter and determined that the parties had settled in good faith. The court held that, under those circumstances, it had discretion “to grant a dismissal on the basis requested by the parties or to allow its decision to stand and be given such effect as the court may deem appropriate consistent with the subsequent action of the parties.” 161 So.2d at 876. The court noted that, in McKenzie v. Chastain, 181 Ga. 807, 184 S.E. 276 (1936), a case in which the parties settled the matter after the appeal had been decided, but while it was still pending on motion for rehearing, the Georgia Supreme Court had “recognized the cause as having become moot, vacated its judgment and withdrew its opinion and dismissed the cause.” 161 So.2d at 877. Finding that the settlement had rendered its opinion moot, and further finding no circumstances requiring preservation of its original opinion, the court withdrew and vacated the original opinion and dismissed the appeal.
In U.S. Bancorp Mortgage Co. v. Bonner Mall P’ship, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), the United States Supreme Court noted that “ ‘judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.’ ” 513 U.S. at 26 (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp., 510 U.S. 27, 40, 114 S.Ct. 425, 126 L.Ed.2d 396 (1993) (Stevens, J., dissenting)). Alabama jurisprudence further recognizes that, although an appeal may have become moot, the appeal may yet be decided if it is in the public interest to do so. Willis v. Buchman, 240 Ala. 386, 387, 199 So. 892, 894 (1940) (on rehearing). This case, however, does not fall within the public-interest exception to the mootness doctrine.
“‘The criteria for applying the public interest exception to the mootness doctrine include the public nature of the question, the desirability of an authorita *390 tive determination for the purpose of guiding public officers, and the likelihood that the question will generally recur.’ [1A C.J.S. Actions § 81 (2005) ] (footnote omitted). However, this ‘exception is construed narrowly ... and a clear showing of each criterion is required to bring a case within its terms.’ In re Adoption of Walgreen, 186 Ill.2d 362, 365, 238 Ill.Dec. 124, 710 N.E.2d 1226, 1227 (1999).”
Chapman v. Gooden, 974 So.2d 972, 989 (Ala.2007) (emphasis added). In this case, it is highly unlikely that the precise issue before this court is likely to recur. As FSC argued in its initial briefs to this court, the issues raised in the appeal involve the first and only transaction of its kind in the history of the CONRB — the leasing, without first obtaining a certificate of need, by one health-care provider of the site and equipment formerly used by another health-care provider to operate an eye-only ambulatory surgery center. In its reply brief, FSC particularly disclaimed any attempt to raise broader issues involving other types of more common transactions that had been previously approved by the CONRB without the issuance of a new certificate of need.
Furthermore, in considering the merits of the application for rehearing filed by SHPDA, this court recognizes that some of the language present in the opinion issued on original submission could be interpreted as exceeding the scope of the issues presented. Had FSC not filed its letter, it is likely this court would have at least revised the opinion to remove the misleading language and to narrow its holding to the particular transaction at issue, rendering any subsequent opinion inapplicable to the vast majority of transactions the CONRB considers. Therefore, any revised opinion likely would have had little to no impact on the manner in which the CONRB handles more common business transactions among health-care providers. As such, any revised opinion would have had minimal precedential value. Hence, we conclude that all the factors necessary to proceed under the public-interest exception are not present in this case and that the general rule that this court will not decide moot appeals applies. This court further finds that it would serve the public interest to withdraw and vacate the opinion on original submission to assure that it does not improperly influence future CONRB actions. See U.S. Bancorp Mortg. Co., supra.
Accordingly, this court hereby withdraws and vacates its opinion issued on November 30, 2012, and dismisses this appeal. To clarify, by withdrawing and vacating our opinion issued on original submission, we intend that that opinion will have no legal force and effect, as if it had never been issued. See U.S. Bancorp Mortg. Co., supra. By dismissing the appeal, we intend that the parties will be returned to the same position they occupied before the filing of the appeal, with the CONRB decision governing their rights. See Gary Powers Dev., Inc. v. State Home Builders Licensure Bd., 852 So.2d 778, 781 (Ala.Civ.App.2002) (quoting FDIC v. Equitable Life Assurance Soc’y of the United States, 289 Ala. 192, 196, 266 So.2d 752, 754 (1972)) (“The dismissal of an appeal ordinarily leaves the appellant ‘in the same position as if no appeal had been taken.’ ”).
APPLICATION GRANTED; OPINION OF NOVEMBER 30, 2012, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Valley Surgery Center, L.L.C., did not file a letter brief with this court.