THOMAS, Judge.
Thomas Devern Hadley and Melinda Jeanette Hadley appeal from a judgment of the Baldwin Circuit Court (“the trial court”).
The relevant facts and procedural history are as follows. Robert Lee Parker and the Hadleys are owners of coterminous properties located in Baldwin County. On November 2, 2011, Parker filed a complaint in the trial court alleging a boundary-line dispute and, as a result, a dispute as to ownership of certain property between the parties. The Hadleys filed an answer to the complaint and a counterclaim on December 8, 2011. After a trial, the trial court entered a judgment on November 13, 2012. The judgment awarded the Hadleys the disputed property via adverse possession and awarded Parker a prescriptive easement across the disputed property.[1] The judgment also ordered the parties to agree upon a surveyor to establish the boundary line, or the trial court would appoint a surveyor, and included a vague description of the prescriptive easement awarded to Parker.
The Hadleys filed a motion on November 14, 2012, asking the trial court to specifically set out the boundary line between the parties’ properties; Parker filed a response on November 29, 2012, agreeing with the Hadleys. The trial court entered an order on December 3, 2012, appointing a surveyor. On December 21, 2012, the trial court entered an amended judgment. The amended judgment does not refer to a survey; however, it set the boundary line between the parties’ properties. The judgment included the following description of the prescriptive easement awarded to Parker:
“Said easement shall be measured from the southern boundary of the east-west easement on the northern end of the property. Said east-west easement being that certain non-exclusive easement, filed for record on July 21, 2008, and *781 granted unto [Parker] by [the Had-leys], [2] T-posts currently mark the area defined in said easement as ‘where it slightly widens out.’ The measurement for the easement granted unto [Parker] herein shall begin along the line marked by T-posts along the southern boundary of the existing easement, for record on July 21, 2008, from [the Hadleys] unto [Parker], Nothing in this easement shall affect the terms of the non-exelu-sive easement filed for record on July 21, 2008.”
On March 18, 2018, Parker filed a motion in the trial court asserting that the surveyor had incorrectly surveyed the easement that he had been awarded in the trial court’s judgment. The Hadleys filed a response in opposition on March 25, 2013. On August 5, 2018, the trial court entered an order that stated, in pertinent part:
“2. The measurement for the easement granted [Parker] shall begin along the line marked by the T-posts along the southern boundary of the existing easement where the eastern boundary of the herein described easement intersects the existing easement filed for record on July 21, 2008. The easement shall extend south to the southern post of the gap in the fence situated on the western boundary of the easement, thereby [Parker] having access, ingress and egress, through the gap.
“3. Notwithstanding, anything to the contrary, all other provisions of the Amended Judgment entered by the Court on the 21st day of December, 2012, not in conflict with the above, shall remain in full force and effect.”
The Hadleys filed a motion seeking to certify the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P.,[3] and for a stay of enforcement of the judgment on August 16, 2013. The trial court entered an order on August 22, 2013, granting the Hadleys’ Rule 54(b) request but denying the stay. The Hadleys filed an appeal to this court on August 30, 2013. We transferred the appeal to our supreme court for lack of subject-matter jurisdiction; the appeal was transferred back to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Although neither side has raised the issue of this court’s jurisdiction on appeal,
“‘“[j]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). The timely filing of a notice of appeal is a jurisdictional act. Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1202 (Ala.2009).”
Burgess v. Burgess, 99 So.3d 1237, 1239 (Ala.Civ.App.2012).
We first note that Parker’s motion filed on March 18, 2013, was filed well beyond the 30 days allowed to file a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P. Parker’s motion was simply titled “Motion” and did not reference any Alabama rule of civil or appellate procedure. The trial court stated that it entered the August 5, 2013, order “to clarify the intent of the Court in its previous Amended Judgment.” We have determined that Parker’s March 18, 2013, motion was a motion to *782 clarify.[4] Therefore, because the time to appeal was not tolled’ by a timely filed postjudgment motion, the Hadleys’ appeal, filed more than 42 days after entry of the December 21, 2012, amended judgment, is untimely. See Rule 4(a)(1) & (a)(8), Ala. R.App. P.; see also Gary Powers Dev., Inc. v. State Home Builders Licensure Bd., 852 So.2d 778, 781-82 (Ala.Civ.App. 2002). We therefore dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. In its judgment, the trial court actually stated that Parker had established an easement by adverse possession, which we will refer to as an easement by prescription or a prescriptive easement.

. The record indicates that this is the second time that Parker and the Hadleys have had a property dispute and that in 2008 Parker was awarded an easement over the Hadleys' property.

. Our review of the record does not reveal any outstanding claims not addressed by the trial court.

. We have also considered whether Parker’s March 18, 2013, motion could be construed as a Rule 60(b)(1), Ala. R. Civ. P., motion. However, we conclude that Parker’s motion did not allege a mistake of fact or request that the trial court’s judgment be set aside; rather, it requested the trial court to clarify the starting point of the prescriptive easement for the purposes of conducting a survey. Furthermore, the Hadleys’ arguments on appeal concern the trial court's judgment awarding Parker the prescriptive easement; the Hadleys do not raise on appeal an issue as to the correctness of the trial court's August 5, 2012, order. Alabama Farm Bureau Muí. Cas. Ins. v. Boswell, 430 So.2d 426, 428 (Ala. 1983) (citing Sanders v. Blue Cross-Blue Shield of Alabama, 368 So.2d 8 (Ala. 1979)) ("An order overruling or denying a motion under Rule 60 is ... an appealable order, but presents for review only the correctness of the trial court’s order on the Rule 60 motion.”).