HEALTHSOUTH OF ALABAMA, LLC

v.

SHELBY RIDGE ACQUISITION COR-
PORATION d/b/a Shelby Ridge Re-
habilitation Hospital.

Alabama State Health Planning
and Development Agency

v.

Shelby Ridge Acquisition Corporation
d/b/a Shelby Ridge Rehabilitation
Hospital.

Shelby Ridge Acquisition Corporation
d/b/a Shelby Ridge Rehabilitation
Hospital

v.

HealthSouth of Alabama, LLC, and
Alabama State Health Planning
and Development Agency.

2120872, 2120907, and 2130628.

Court of Civil Appeals of Alabama.

April 29, 2016.

Marc James Ayers and Jennifer H.
Clark of Bradley Arant Boult Cummings
LLP, Birmingham; James A. Byram, Jr.,
of Balch & Bingham LLP, Montgomery;
Robert D. Segall of Copeland, Franco,
Screws & Gill, P.A., Montgomery; and
Colin H. Luke and Kristen A. Larremore
of Waller Lansden Dortch & Davis, LLP,
Birmingham, for HealthSouth of Alabama,
LLC.

Mark D. Wilkerson and Dana H. Bill-
ingsley of Wilkerson & Bryan, P.C., Mont-
gomery, for Alabama State Health Plan-
ning & Development Agency.

Matthew McDonald of Jones Walker,
LLP, Mobile; Robert C. Lockwood of Wil-
mer & Lee, P.A., Huntsville; Loree J.
Skelton, Birmingham; P. Michael Cole of
Wilmer & Lee, P.A., Athens; Walter R.
Byars of Steiner, Crum & Byars, Mont-
gomery; and Thomas G. Mancuso, Mont-
gomery, for Shelby Ridge Acquisition Cor-
poration d/b/a Shelby Ridge Rehabilitation
Hospital.

Frank C. Ellis, Jr., of Wallace, Ellis,
Fowler, Head & Justice, Columbiana, for
amici curiae Shelby County Commission
and Shelby County Manager Alex Dud-
chock, in support of HealthSouth of Ala-
bama, LLC, and State Health Planning &
Development Agency.

James P. Pewitt, Birmingham, for ami-
cus curiae Alabama Nursing Home Asso-
ciation, in support of Shelby Ridge Ac-
quisition Corporation d/b/a Shelby Ridge
Rehabilitation Hospital.

*On Remand from the Alabama
Supreme Court*

PER CURIAM.

In regard to the consolidated appeals
numbered 2120872, 2120907, and 2130628,
the Alabama Supreme Court reversed this
court's prior judgments in *HealthSouth of
Alabama, LLC v. Shelby Ridge Acquisi-
tion Corp.*, 207 So.3d 14, 36 (Ala.Civ.App.
2015), and rendered judgments in favor of
HealthSouth of Alabama, LLC, and the
Alabama State Health Planning and Devel-
opment Agency. *Ex parte HealthSouth of
Alabama, LLC*, 207 So.3d 39, 43 (Ala.
2016). The supreme court also remanded
the cause to this court with instructions.
In compliance with the supreme court's
instructions, we remand the cases in the
appeals numbered 2120872, 2120907, and
2130628 to the Montgomery Circuit Court
("the circuit court") with instructions that
the circuit court allow the parties to imple-
ment the solution they have reached. We
note that a petition for writ of certiorari

was not filed in the supreme court for the appeal numbered 2130515 that was consolidated with the other appeals. Our decision to affirm the circuit court's judgment in that appeal therefore remains unchanged.

2120872—REMANDED WITH INSTRUCTIONS.

2120907—REMANDED WITH INSTRUCTIONS.

2130628—REMANDED WITH INSTRUCTIONS.

THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.

THOMAS and DONALDSON, JJ., concur specially.

THOMAS, Judge, concurring specially.

I concur in the opinion issued on remand; however, I write specially to again urge the legislature to consider repealing the legislation creating the State Health Planning and Development Agency ("the SHPDA") and requiring health-care institutions to seek certificates of need ("CONs"). As these cases painfully illustrate, the SHPDA and the CON system utterly fail to ensure that "only those health care services and facilities found to be in the public interest shall be offered or developed in the state," Ala.Code 1975, § 22–21–261, and that the State Health Plan meets its goal of "provid[ing] for the development of health programs and resources to assure that quality health services will be available and accessible in a manner which assures continuity of care, *at reasonable costs,* for all residents of the state." Ala.Code 1975, § 22–21–260(13) (defining "state health plan") (emphasis added). Instead, competing applicants for CONs spend years battling in the court system, which prevents the provision of needed services and, most assuredly, increases the overall cost of health services to fund the protracted legal battles.

The original CON application at issue in this appeal was filed in October 2009. Nearly seven years have elapsed between the original CON application and the conclusion of the parties' legal battle. Ultimately, the CON that was the subject of such a bitter and protracted legal battle will be granted to HealthSouth of Alabama, LLC, based on a settlement between the parties. The time and money wasted by this litigation demonstrates that SHPDA and the CON system are unnecessary and detrimental to Alabama's health system.

DONALDSON, Judge, concurring specially.

For the benefit of the readers of the decisions of this court and the supreme court and for the benefit of the trial court that devoted an enormous amount of judicial resources to the litigation that now comes to a curious end, I write specially to make the following observations.

In the two most recent cases where this court issued a decision that was inconsistent with the position taken by the Alabama State Health Planning and Development Agency ("SHPDA") in the appeal, the parties reached a resolution of some type after this court issued the decisions. Settlements are good for all and should be encouraged; however, on both occasions, the resolution required or contemplated vacating an opinion by this court that was adverse to SHPDA's position.

In *Florence Surgery Center, L.P. v. Eye Surgery Center of Florence, LLC,* 121 So.3d 386 (Ala.Civ.App.2013), this court initially issued a decision that was inconsistent with the position taken by SHPDA in the appeal. While the matter was still

within our jurisdiction pending a decision on SHPDA's application for a rehearing, the attorney for the prevailing party filed a letter stating that the prevailing party would not participate because " 'this matter was resolved.' " *Id.* at 388. We ultimately determined that whatever resolution had been reached between SHPDA and the prevailing party had made the matter moot, and, seeing no reason to do otherwise at the time, we agreed to vacate the opinion. *Id.* at 390.

Likewise, in the present proceeding, the decision issued by this court on June 12, 2015, was inconsistent with the position taken by SHPDA. This court entered an order on December 18, 2015, that summarizes the events occurring after our June 12, 2015, decision was issued and points out the potential for bad precedent to be established:

"On June 12, 2015, this court issued an opinion in four consolidated appeals: 2120872, 2120907, 2130515, and 2130628. No party sought a rehearing in this court. In separate petitions, two parties sought certiorari review by the supreme court in case nos. 2120872 and 2130628. On August 26, 2015, the supreme court granted certiorari and assigned case nos. 1141042 and 1141043 to those proceedings.

"On December 9, 2015, the supreme court remanded this cause to this court for 28 days for the 'limited purpose of allowing [this court] to consider whether to withdraw its [June 12, 2015,] opinion in light of the agreement reached by the parties.'

"On December 10, 2015, the parties filed a joint motion in this court asking us to 'vacate/withdraw' the June 12, 2015, decision based on an agreement reached by the parties after the decision was issued. The joint motion asserts that the post-decision settlement of the parties renders the June 12, 2015, decision 'moot.' Further, the motion expresses disagreement with and criticism of the decision as a basis for the request. No authority is cited in the motion. We note that the reasons expressed in the motion appear to be generally recognized by appellate courts as insufficient to grant the relief being sought. *See, e.g., U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 29 (1994)('[M]ootness by reason of settlement does not justify vacatur of a judgment under review.'); *Oklahoma Radio Assocs. v. F.D.I.C.,* 3 F.3d 1436, 1444 (10th Cir.1993)('A policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse.); *Clarendon Ltd. v. Nu-W. Indus., Inc.,* 936 F.2d 127, 129 (3d Cir.1991)('[A] judicial act by an appellate court, such as vacating an order or opinion of this court or the trial court, is a substantive disposition which can be taken only if the appellate court determines that such action is warranted on the merits. A provision for such action in a settlement agreement cannot bind the court.'); *In re United States,* 927 F.2d 626, 627 (D.C.Cir.1991)(holding that vacatur is not appropriate 'when a matter has been mooted after judgment only because the parties have entered into a settlement. . . .'); *In the Matter of Memorial Hosp. of Iowa Cnty., Inc.,* 862 F.2d 1299, 1302 (7th Cir.1988)('When a clash between genuine adversaries produces a precedent, . . . the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement.'); *Brookhaven Landscape & Grading Co. v. J.F. Barton Contracting Co.,* 681 F.2d 734, 736 (11th Cir.

1982)("[I]t would be completely inappropriate to allow parties to frustrate the business of this Court by demanding dismissal of an appeal whenever they disagree with or are chagrined by something in the Court's opinion.'); and *Terhune v. Myers*, 342 Or. 376, 381, 153 P.3d 109, 112 (2007)(denying motion to vacate on the basis of mootness when movant failed to present any argument that granting the vacatur would serve the public interest or prevent an inequity). See also Robert S. Lewis, *U.S. Bancorp v. Bonner Mall Partnership: Settlement Conditioned on Vacatur*, 47 Ala. L.Rev. 883, 884 (Spring 1996) (observing that taking such action might encourage litigants who frequently appear before an appellate court to 'choose to litigate a matter knowing that the preclusive effects of an adverse judgment may be negated by a settlement conditioned on vacatur')(footnotes omitted). Cf. *Florence Surgery Ctr., L.P. v. Eye Surgery Ctr. of Florence, LLC*, 121 So.3d 386 (Ala.Civ.App.2013)(holding vacatur of opinion to be appropriate on application for rehearing when mootness apparently resulted from the unilateral action of prevailing party and opinion appeared to have no further precedential value).

"We recognize the June 12, 2015, decision is subject to possible reversal as part of the orderly process of appellate review; however, vacating or withdrawing the opinion for the reasons contained in the motion filed by the parties appears to be inappropriate. Accordingly, based on the materials presented to us and pursuant to the directive of the supreme court, we have considered whether to vacate or withdraw the June 12, 2015, opinion and decline to do so."

(Footnote omitted.)

The supreme court ultimately accepted the parties' characterization of our June 12, 2015, decision following the resolution of their dispute, reversed this court's judgments in three of four consolidated appeals, rendered judgments, and also remanded the cause for implementation of the parties' settlement agreement. *Ex parte HealthSouth of Alabama, LLC*, 207 So.3d 39 (Ala.2016).

Efforts do not appear to have been made to vacate other decisions of this court that were consistent with the position taken by SHPDA during the same time frame based on post-decision settlement agreements conditioned on such action. E.g., *Foley Hosp. Corp. v. Gulf Health Hosp., Inc.*, 157 So.3d 925 (Ala.Civ. App.2014); *Ace Home Health Care, LLC v. Gentiva Health Servs., Inc.*, 162 So.3d 931 (Ala.Civ.App.2014); *Hometown Home Health Care of Shelby Cty., LLC v. State Health Planning & Dev. Agency*, 190 So.3d 44 (Ala.Civ.App.2015); *Colbert Cty. Nw. Alabama Health Care Auth. v. RegionalCare Hosp. Partners, Inc.*, 195 So.3d 948 (Ala.Civ.App.2015); and *Noland Hosp. Shelby, LLC v. Select Specialty Hosps., Inc.*, 193 So.3d 751 (Ala.Civ.App.2015).

The observations we made in the December 18, 2015, order should be given careful consideration.

THOMAS, J., concurs.