THOMAS, Judge.
Springhill Hospitals, Inc. (“Springhill”); Providence Hospital (“Providence”); and Infirmary Health. System, Inc. (“Infirmary”) (hereinafter referred to collectively as “the hospitals”), have filed a notice of appeal seeking this court’s review of a declaratory ruling issued by the. Certificate of Need Review Board (“the CONRB”) of the State Health Planning and Development Agency (“SHPDA”) regarding a letter of non-reviewability (“LNR”) that had been requested by Surgicare of Mobile, Ltd. (“Surgicare”). Because this court does not have subject-matter jurisdiction to consider this direct appeal of the CONRB’s declaratory ruling, we dismiss the appeal.
Background
Surgicare owns an ambulatory surgery center (“ASC”) in Mobile, and each of the hospitals owns a facility in Mobile that provides the same services that Surgicare provides at its ASC. On August 4, 2014, Surgicare filed a request with SHPDA for an LNR pursuant to Ala. Admin. Code (SHPDA), Rule 410-1-7-.02,[1] seeking a determination of whether a plan to expand its ASC was subject "to the review of the CONRB. Providence and Infirmary thereafter submitted letters to SHPDA opposing Surgicare’s request for an LNR. Springhill instead filed.a complaint in the Montgomery Circuit Court against SHPDA and Surgicare seeking a declaratory judgment and injunctive relief. In February 2015, the Montgomery Circuit Court entered an order dismissing Spring-hill’s complaint, specifically finding that it had not exhausted its administrative remedies, This court affirmed the Montgomery Circuit Court’s judgment, without an opinion, on August 21, 2015. Springhill Hosps., Inc., d/b/a Springhill Mem’l Hosp. v. Surgicare of Mobile, Ltd., et al. (No. 2140494, August 21, 2015), 217 So. 3d 861 (Ala. Civ. App. 2015)(table).
On March 16, 2016, SHPDA’s executive director, Alva Lambert, issued an LNR to Surgicare in which he stated that, “[a]c-cording to the facts that have been provided, a Certificate of Need'would not be required under Alabama law and the Alabama Certificate of Need Program Rules and Regulations for the proposed expansion.” On April 6, 2016, the hospitals, pursuant to Ala. Admin. Code (SHPDA), Rule *672 410-1-9-.01,[2] petitioned the CONRB fqr a declaratory ruling “reversing] the review-ability determination dated March 16, 2016, issued by SHPDA’s Executive, Director regarding Surgicare’s proposed expansion of its ASC.”
On May 5, 2016, the CONRB issued a declaratory ruling denying the hospitals’ petition. On May 25, 2016, the hospitals filed a notice of appeal to the Montgomery Circuit Court in which they indicated that jurisdiction was proper in that court under §§ 41-22-11 and 41-22-20(a), Ala. Code 1975. That same day, the hospitals also filed a notice of appeal to this court in which they indicated that subject-matter jurisdiction was proper in this court under § 22-21-275(6), Ala. Code 1975. On September 12, 2016, the appeal to this court was submitted on the parties’ appellate briefs, and, on September 15, 2016, we issued an order requiring the parties to submit letter briefs “regarding the issue whether judicial review of the Certificate of Need Review Board’s May 5, 2016, ruling is proper in this court under § 22-21-275(6), Ala. Code 1975, or is proper in the Circuit Court of Montgomery County under § 41—22—11(b), Ala. Code 1975.” See C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala. Civ. App. 2003)(“[A] court’s lack of subject-matter jurisdiction may be raised at any time ... and may even be raised by a court ex mero motu.”). The parties timely complied with the order. In their letter briefs, the parties explain that the hospitals’ appeal to the Montgomery Circuit Court has been stayed pending a disposition of their appeal to this court.
The hospitals argue that this court should dismiss their appeal because, they say, we lack subject-matter jurisdiction. SHPDA and Surgicare argue that the hospitals have properly appealed to this court and that we should therefore resolve what the parties contend is the dispositive inquiry regarding the CONRB’s declaratory ruling, namely, whether depreciation expenses should be treated as operating costs such that Surgicare’s new annual operating costs following the proposed expansion of its ASC would exceed the spending threshold described in § 22-21-263(a)(2), Ala. Code 1975, thereby qualifying the ASC expansion as a “new institutional health service” for which Surgicare would be required to submit an application for a certificate of need (“CON application”) that would be subject to review by the CONRB. See § 22-21-263(a), Ala. Code 1975. Because we dismiss the hospitals’ appeal, we do not consider the issue argued by the parties in their appellate briefs.
Analysis
As our supreme court has explained:
“‘[When a court] is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained.’
“Ex parte Holladay, 466 So.2d 956, 960 (Ala. 1985). In IMED Corp. v. Systems Engineering Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992), this Court further stated with regard to statutory construction:
“ Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If *673 the language of the statute is unambiguous, then there is no room for judicial construction and the clearly-expressed intent of the legislature must be given effect.’
[[Image here]]
“It is a familiar principle of statutory interpretation that the Legislature, in enacting new legislation, is presumed to know the existing law. See Ex parte Louisville & N.R.R., 398 So.2d 291, 296 (Ala. 1981).”
Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 296-97 (Ala. 1998).
The legislature established the subject-matter jurisdiction of this court in § 12-3-10, Ala. Code 1975, which states, in pertinent part: “The Court of Civil Appeals shall have exclusive appellate jurisdiction of ... all appeals from administrative agencies other than the Alabama Public Service Commission.” However, § 41-22-11(b), Ala. Code 1976, a portion of the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala. Code 1975, specifically states, in pertinent part:
“A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by a court in a proper proceeding. Such rulings are subject to review in the Circuit Court of Montgomery County, unless otherwise specifically provided by the statute, in the manner provided in Section 41-22-20 for the review of decisions in contested cases.”
We note that
“ ‘[statutes should be construed together so as to harmonize the provisions as far as practical.’ Ex parte Jones Mfg. Co., 589 So.2d 208, 211 (Ala. 1991). ‘In the event of a conflict between two statutes, a specific statute relating to a specific subject is regarded as an exception to, and will prevail over, a general statute relating to a broad subject.’ Id.”
Alabama Dep’t of Revenue v. National Peanut Festival Ass’n, Inc., 11 So.3d 821, 829-30 (Ala. Civ. App. 2008). Because § 41-22-11(b) specifically states that declaratory rulings of administrative agencies are subject to judicial review in the Montgomery Circuit Court, we do not construe the general language of § 12-3-10 to confer subject-matter jurisdiction upon this court to consider direct appeals of declaratory rulings of the CONRB.
SHPDA and Surgicare argue, however, that through Act No. 2012-294, Ala. Acts 2012, which, among other things, amended the language of § 22-21-275(6), Ala. Code 1975, the legislature intended for this court to consider direct ‘ appeals of declaratory rulings of the CONRB. Section 22-21-275 now states, in pertinent part:
“The SHPDA ... shall prescribe by rules and regulations the procedures for review of applications for certificates of need and for issuance of certificates of need. Rules and regulations governing review procedures shall include, but not necessarily be limited to, the following:
[[Image here]]
“(6) Provisions and procedures for public hearings in the course of agency review on any application for the certificate of need for new institutional health service which requires substantive review. The SHPDA shall make provisions for a public hearing of any contested case before an administrative law judge .... SHPDA shall make provisions that if neither the applicant nor aggrieved party shall have requested the application be heard before an administrative law judge, the application shall be heard before SHPDA at a public hearing. Any aggrieved party to a final decision of SHPDA may appeal the final *674 decision of SHPDA to the Court of Civil Appeals. .,. The Court of Civil Appeals shall have no discretion to refuse to hear appeals of the final decisions of SHPDA timely filed under this article,.., ” .
(Emphasis added.)[3]
Thus, SHPDA and Surgieare argue that this court must consider direct appeals of SHPDA’s “final decisions.” We agree with their conclusion insofar as it relates to SHPDA’s final decisions regarding contested CON applications that require substantive review by an administrative-law judge or SHPDA; such is the plain meaning of the statute. However, to construe' the amended language of § 22-21-275(6) to also invest this court with subject-matter jurisdiction to consider direct appeals of the CONRB’s declaratory rulings would infer an appointment of greater judicial power than is conveyed by the plain meaning of the legislature’s chosen words. Because the legislature is presumed to have been aware of § 41-22-11(b)—a provision that squarely addresses judicial review of declaratory rulings issued by administrative agencies—when it adopted Act No. 2012-294, wé decline to make such an inference.
We next address some additional observations made by SHPDA and Surgieare in their letter briefs. First, SHPDA cites Florence Surgery Center, L.P. v. Eye Surgery Center of Florence, LLC, 121 So.3d 386 (Ala. Civ. App. 2013), a case involving a direct appeal to this court from a declaratory ruling by the OONRB, in which we had issued an order requiring the parties to submit letter briefe regarding the issue “whether Act No. 2012-294 applies to this appeal. Stated differently, in light of Act No. 2012-294, should this appeal go the circuit court for trial de novo or should this appeal be directed to the Court of Civil Appeals?” We thereafter issued an order accepting the appeal and later published an opinion on November 30, 2012, pm-porting to reverse the CONRB’s declaratory ruling. SHPDA therefore implies that the issue whether this court has subject-matter jurisdiction to consider direct appeals of the CONRB’s declaratory rulings under § 22-21-275(6) has already been resolved by our opinion in Florence Surgery Center.
We note, however, that this court withdrew the opinion in Florence Surgery Center and later dismissed the appeal after, among other things, SHPDA argued on rehearing that the controversy giving rise to the appeal'had become moot; .
“Accordingly, this court hereby withdraws and vacates its opinion issued on November 30, 2012, and dismisses this appeal. To clarify, by withdrawing and vacating bur opinion issued on original' submission, we intend that that opinion will have no legal force and effect, as if it had never been issued. See U.S. Bancorp Mortg. Co.[ v. Bonner Mall P’ship, 513 U.S. 18, 116 S.Ct. 386, 130 L.Ed.2d 233 (1994) ].”
Id. at 390. Thus, SHPDA’s implication that the disposition of Florence Surgery Center should impact this court’s consideration of whether it has subject-matter jurisdiction over the hospitals’ appeal lacks merit, and we will consider it no further.
*675 SHPDA also asserts that “the relevant sentence [of § 22-21-275(6)] applies, on its face, to all ‘final decisions’ of [SHPDA], and there are no contrary appellate provisions in the SHPDA statute.” (Emphasis added.) SHPDA’s assertion is misleading at best. The sentence of § 22-21-275(6) that SHPDA quotes actually contemplates “a final • decision of SHPDA” (emphasis added), indicating that it refers to dispositions of the proceedings described in the immediately preceding sentences, namely, SHPDA’s decisions regarding contested CON applications. “[C]ourts should not be guided by a single sentence or member of a sentence; instead, statutory interpretation is a holistic endeavor, and, at a mini-um, must account for a statute’s full text and language, as well as punctuation, structure, and subject matter.” 82 C.J.S. Statutes § 427 (2009). Our evaluation of § 22-21-275(6), in its entirety, compels the conclusion that the particular sentence relied upon by SHPDA specifically pertains to appellate review of its decisions regarding CON applications and should not be interpreted so expansively as to encompass all of its decisions.
Furthermore, at least one other section of § 22-21-275 discusses decisions reached by SHPDA:
“(14) Provisions that any adverse decision of the agency (SHPDA) (other than a SHPDA decision after first being heard as a contested case before an administrative law judge pursuant to the requirements of the -Alabama Administrative Procedures Act) may be appealed to an administrative law judge designated by the Governor for fair hearing which appeal shall be heard de novo as a contested case in accordance with Sections 41-22-12 and 41-22-13.... The decision of the administrative law judge in the fair hearing proceedings shall be considered the final decision of the state agency (SHPDA); provided, that any aggrieved party may appeal the decision to the Court of Civil Appeals in accordance with the provisions of-subdivision (6).”
(Emphasis added.) Because § 22-21-275(14), on its face, contemplates intermediate appellate review of SHPDA’s decisions by an administrative-law judge, we also reject SHPDA’s contention that § 22-21-275(6) should be interpreted to mean that direct appeal to this court is the exclusive manner by which any of its decisions can be subjected to appellate review.
Citing Mobile Infirmary Ass’n v. Emfinger, 474 So.2d 731 (Ala. Civ. App. 1985), SHPDA. next argues that, because § 41-22-ll(b) states that judicial review of declaratory rulings is proper in the Montgomery Circuit Court “unless otherwise specifically provided by the statute,” it is superseded by § 22-21-275(6). First, as explained above, § 22-21-275(6) does not specifically provide for direct appeals of declaratory rulings; therefore, it does not supersede § 41-22-11(b). Second, SHPDA’s reliance upon Emfinger ⅛ misplaced. At the time Emfinger was decided, the procedure governing judicial review of SHPDA’s denials of CON applications was set forth in former § 22-21-275(14), which permitted, among other things, a CON applicant to appeal SHPDA’s denial of its CON application to the circuit court in which the CON applicant resided, the circuit court in which it was situated, or the circuit court in which the new institutional health service being applied for was located. In that ease, SHPDA had denied Mobile.- Infirmary Association’s CON application, and Mobile Infirmary Association appealed SHPDA’s decision to the Montgomery Circuit Court, pursuant to § 41-22-20(b), Ala. Code 1975. The Montgomery Circuit Court dismissed the action, and this court affirmed the dismissal, stating:
*676 “Because judicial review of actions of SHPDA and the [CONRB] on CON applications is specifically governed by § 22-21-275(14), the only logical conclusion is that § 22-21-275(14), and not the AAPA, must govern the filing of a petition or complaint for judicial review in the present case.”
474 So.2d at 733 (emphasis added). In reaching that conclusion, however, this court also offered the following admonition:
“This court should not be misunderstood to say that, in all cases in which an agency has specific statutes, those statutes would supersede the AAPA. We hold only that the method for obtaining judicial review of SHPDA rulings on CON applications which is specifically set forth in § 22-21-275(14), Ala. Code 1975, must override the general provisions for obtaining judicial review of an agency’s adverse actions set forth in § 41-22-20(b). Such a result arises from the language of § 41-22-20(b) itself.”
Id. (emphasis added). The parties have not provided, and we have not discovered, any SHPDA-specific statute discussing judicial review of the CONRB’s declaratory rulings. Thus, § 41—22—11(b) controls judicial review of the declaratory ruling at issue in this case.
Finally, SHPDA argues that “[a]n interpretation of the statute permitting multiple appeals, in multiple courts, of final decisions of SHPDA would be unworkable, particularly in CON appeals involving multiple parties,” and Surgicare expresses similar concerns in its letter brief. We have not interpreted § 41—22—11(b) and § 22-21-275(6) in such a manner. The plain meaning of § 41—22—11(b) provides for judicial review of the CONRB’s declaratory rulings in the Montgomery Circuit Court. The plain meaning of § 22-21-275(6) provides for appellate review of SHPDA’s final decisions regarding contested CON applications in this court. In other words, the legislature has provided for different, but not concurrent, methods of judicial review for different types of final decisions reached by SHPDA. Consideration of the wisdom of such a scheme is not within the province of this court, but we note that whether a party’s CON application should be granted is a separate and different inquiry from whether a party should be required to submit a CON application or other types of questions that a party may petition the CONRB to resolve by way of a declaratory ruling.[4]
The legislature has not invested this court with subject-matter jurisdiction to consider direct appeals of the CONRB’s declaratory rulings. Accordingly, we dismiss the hospitals’ appeal.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

. Rule 410-1-7-.02 was amended effective October 7, 2016, while the appeal was pending before this court, The parties and the CONRB operated under the version of this rule in effect before the amendment.

. The Alabama Secretary of State's records indicate that SHPDA submitted an amended version of Rule 410-1-9-.01 in June 2016.

. Before the enactment of Act No. 2012-294, § 22-21-275(6) stated, in .pertinent part:
"SHPDA shall make provisions that if neither the applicant nor aggrieved party shall have requested the -application be heard before an administrative law judge, the application shall be heard before SHPDA at a public hearing; Any aggrieved party to a final decision of SHPDA may appeal the final decision of SHPDA to the circuit court in the county in which the applicant resides or of the county in' which the applicant is situated or in which the new institutional health service being applied for is located."

. For instance, the record before this court contains a copy of the CONRB’s “tentative agenda” for April 20, 2016,' the day on which it considered the hospitals’ petition for a declaratory ruling, styled DR-149. That document indicated that the CONRB would also consider, on that day, a different "Petition for Three Declaratory Rulings” to resolve issues such as whether a particular party should be required to make a specific witness available to testify at an upcoming administrative hearing and whether a particular party should be required to produce certain documents before an upcoming administrative hearing.